UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

|  |  |
|---|---|
| BETTY'S BEST, INC., )<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE INDIVIDUALS, PARTNERSHIPS, )<br>AND UNINCORPORATED )<br>ASSOCIATIONS IDENTIFIED ON )<br>SCHEDULE "A," )<br>Defendants )<br>)<br>) | Case No. 1:23-cv-22322-KMW |

**<u>DECLARATION OF HANXI ZHENG</u>**

I, Hanxi Zheng, declare as follows:

1.       I am over the age of 18.  I am a resident of Shenzhen, China.   I am the Chief Executive

Officer of Husdow Technology Co., Limited ("Husdow"), a company registered and

headquartered in Hong Kong.  The Company's business address is Flat/Rm 1512 15f Lucky

Centre No.165-171 Wan Chai Roadwan Chai Hong Kong.  I make this declaration in support of

the opposition to the motion for preliminary injunction ("Motion") filed by Plaintiff Betty's Best,

Inc. ("Plaintiff") in the lawsuit against numerous websites ("Lawsuit").  I have personal

knowledge of the following and, if called as a witness, could competently testify to the same.

2.       Husdow has expertise in e-commerce operations, both in directly engaging in such

1

business and supporting other companies that do so.  Husdow operates the website opportunuity.com, which is identified as defendant 840 in the Lawsuit.

3.      Husdow also acts as a service company to other e-commerce companies, including some of companies that operate websites alleged to be defendants in this Lawsuit, as detailed below. Husdow provides services such as logistics, operations, and financial management support, for other companies' e-commerce operations.  These companies are separately owned and registered, and they maintain ultimate control and ownership of the websites affiliated with them.  As relevant here, these companies include Dongguan Hengjia E-Commerce Co., Ltd., Nanchang Huiyun Linghai Technology Co., Ltd., Banbain Trade Co., Limited, Ayor Trading Co., Limited, Amgo Technology Co., Limited.  These companies own the defendant websites associated with them in the Chart of Entities, Sales & Restrained Amounts submitted with Defendants' opposition to Plaintiff's Motion ("Entities Chart").

4.      Dongguan Hengjia E-Commerce Co., Ltd., ("Dongguan Hengjia") is a Chinese company with a business address of Rooms 407 and 409, Unit 1, Building 1, No. 9, Headquarters 2nd Road, Songshan Lake Park, Dongguan City, Guangdong Province, China.

5.      Nanchang Huiyun Linghai Technology Co., Ltd., ("Nanchang Huiyun") is a Chinese company with a business address of Room 4403, Office Building A2#, Greenland Central Plaza, No. 998 Hongguzhong Avenue, Honggutan District, Nanchang City, Jiangxi Province, China.

6.      Banbain Trade Co., Limited, ("Banbain") is a Hong Kong company with a business address of Flat/Rm 1512 15/F Lucky Centre No.165-171 Wan Chai Roadwan Chai Hong Kong.

7.      Ayor Trading Co., Limited, ("Ayor Trading") is a Hong Kong company with a business

address of Flat/Rm 1512 15/F Lucky Centre No.165-171 Wan Chai Roadwan Chai Hong Kong.

8.      Amgo Technology Co., Limited, ("Amgo") is a Hong Kong company with a business address of Flat/Rm 1512 15/F Lucky Centre No.165-171 Wan Chai Roadwan Chai Hong Kong.

9.      For Husdow, Dongguan Hengjia, Nanchang Huiyun, Banbain, Ayor Trading, and Amgo, from my review of records, the Entities Chart accurately reflects (1) these Defendants' sales of products alleged to be infringing from websites under their control (both the total numbers globally, and the numbers (if any) from sales to Florida addresses), and (2) their amount of assets restrained by the TRO in this case.  Separately, the "Compendium of Sales" submitted with Defendants' opposition accurately includes correct sales information for these Defendants' and their websites.  For each of these Defendants, given operational costs, the profit margin for defendants' sales of the products such as the one at issue is approximately 8%.

10.     Before learning about the Lawsuit, neither I nor, to my knowledge, anyone affiliated with these Defendants knew that any photographs or other alleged intellectual property rights at issue in this Lawsuit were copyrighted or otherwise protected.  To my knowledge, Plaintiff never contacted any of these Defendants.

11.     These Defendants each have no connections to Florida.  They have no offices or employees in Florida, and do not specifically target Florida in any advertising.

12.     These Defendants utilize PayPal accounts to operate their business.  The temporary restraining order in this case ordered the freezing of those PayPal Accounts.

13.     These Defendants are suffering extreme harm from the freezing of their PayPal accounts, and they will continue to suffer such harm if the injunction is not dissolved or significantly

3

reduced.  The PayPal accounts are essential to Defendants' business operations.

14.     These Defendants have already ceased selling the products at issue, and do not intend to restart selling the Products.  The products generated a very small percentage of these Defendants' revenue.  All or virtually of the frozen assets of these Defendants are proceeds from sales of products that are entirely unrelated to the product at issue.

15.     Because of the vastly overbroad asset restraint, these Defendants are at risk of being held liable for defaulting on other obligations.  Moreover, these Defendants are suffering an incalculable loss of reputation in the market.  The Defendants have invested significant amounts of effort and money to establish themselves in the marketplace, and their inability to continue operating their businesses through their now-frozen PayPal accounts is causing an immeasurable loss of corporate reputation and difficulty in managing business operations.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 9, 2023 at Shenzhen, China.

Han Xi Zheng
Hanxi Zheng

4