UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| BETTY'S BEST, INC.,<br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, PARTNERSHIPS,<br>AND UNINCORPORATED<br>ASSOCIATIONS IDENTIFIED ON<br>SCHEDULE "A,"<br>Defendants | Case No. 1:23-cv-22322-KMW |

## DECLARATION OF XIN CHEN

I, Xin Chen, declare as follows:

1. I am over the age of 18. I am a resident of Xiamen, China. I am the Chief Executive Officer of Larryhot Trading Co., Limited ("Larryhot"), a company registered and headquartered in Hong Kong. The Company's business address is ROOM 2, 3/F, Ruby Commercial Building, 480 Nathan Road, KL Hong Kong. I make this declaration in support of the opposition to the motion for preliminary injunction ("Motion") filed by Plaintiff Betty's Best, Inc. ("Plaintiff") in the lawsuit against numerous websites ("Lawsuit"). I have personal knowledge of the following and, if called as a witness, could competently testify to the same.

2. Larryhot has expertise in e-commerce operations, and operates certain websites identified

1

as defendants in this Lawsuit. Specifically, Larryhot owns and operates the websites associated with it in the Chart of Entities, Sales & Restrained Amounts submitted with Defendants' opposition to Plaintiff's Motion ("Entities Chart").

3. From my review of records, the Entities Chart accurately reflects (1) Larryhot's sales of products alleged to be infringing from websites under its control (both the total numbers globally, and the numbers (if any) from sales to Florida addresses), and (2) Larryhot's amount of assets restrained by the TRO in this case. Separately, the "Compendium of Sales" submitted with Defendants' opposition accurately includes correct sales information for these Larryhot and its associated websites. Given operational costs, the profit margin for Larryhot's sales of the products such as the one at issue is approximately 8%.

4. Before learning about the Lawsuit, neither I nor, to my knowledge, anyone affiliated with Larryhot knew that any photographs or other alleged intellectual property rights at issue in this Lawsuit were copyrighted or otherwise protected. To my knowledge, Plaintiff never contacted Larryhot.

5. Larryhot has no connections to Florida. It has no offices or employees in Florida, and does not specifically target Florida in any advertising.

6. Larryhot uses a PayPal account to operate its business. The temporary restraining order in this case ordered the freezing of this account.

7. Larryhot is suffering extreme harm from the freezing of its PayPal accounts, and it will continue to suffer such harm if the injunction is not dissolved or significantly reduced. The PayPal account is essential to Larryhot's business operations.

8. Larryhot has already ceased selling the products at issue, and does not intend to restart selling the Products. The products generated a very small percentage of Larryhot's revenue. All or virtually of the frozen assets of Larryhot are proceeds from sales of products that are entirely unrelated to the product at issue.

9. Because of the vastly overbroad asset restraint, Larryhot is at risk of being held liable for defaulting on other obligations. Moreover, Larryhot is suffering an incalculable loss of reputation in the market. Larryhot has invested significant amounts of effort and money to establish itself in the marketplace, and its inability to continue operating businesses through its now-frozen PayPal account is causing an immeasurable loss of corporate reputation and difficulty in managing business operations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 9, 2023 at Xiamen, China.

*Xin Chen*
Xin Chen