UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| BETTY'S BEST, INC., <br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br> Defendants | Case No. 1:23-cv-22322-KMW |

## DECLARATION OF MIAO XU

I, Miao Xu, declare as follows:

1.  I am over the age of 18. I am a resident of Chengdu, China. I am the Chief Technology Officer of Vanice Technology Co., Limited ("Vanice" or "Company"), a company registered and headquartered in Hong Kong. The Company's business address is Flat/Rm 705,7/F, Fa Yuen Commercial Building No.75, Fa Yuen Street, Mong Kok, KLN, Hong Kong. I make this declaration in support of the opposition to the motion for preliminary injunction ("Motion") filed by Plaintiff Betty's Best, Inc. ("Plaintiff") in the lawsuit against numerous websites ("Lawsuit"). I have personal knowledge of the following and, if called as a witness, could competently testify to the same.

1

2.  The Company has expertise in e-commerce operations, both in directly engaging in such business and supporting other companies that do so. Vanice operates the website enjoyaitlife.com, which is identified as defendant 754 in the Lawsuit.

3.  Vanice also acts as a service company to other e-commerce companies, including some of companies that operate websites alleged to be defendants in this Lawsuit, as detailed below. Vanice provides services such as logistics, operations, and financial management support, for other companies' e-commerce operations. These companies are separately owned and registered, and they maintain ultimate control and ownership of the websites affiliated with them. As relevant here, these companies include Suzhou Ruoxing Network Technology Co., Ltd., Shenzhen Jiayi E-Commerce Co., Ltd., Starcraft Network Limited, Sonzea Trading Co., Limited. Each of these companies owns the defendant websites shown in the Chart of Entities, Sales & Restrained Amounts submitted with Defendants' opposition to Plaintiff's Motion ("Entities Chart").

4.  Suzhou Ruoxing Network Technology Co., Ltd. ("Suzhou Ruoxing") is a Chinese company, with a business address of Room 710, Building 1, Constellation Business Plaza, No. 269 Wangdun Road, Suzhou Industrial Park, Suzhou Area, China (Jiangsu) Pilot Free Trade Zone.

5.  Shenzhen Jiayi E-Commerce Co., Ltd. ("Shenzhen Jiayi ") is a Chinese company, with a business address of Room 1807, China South City Global Logistics Center, No. 1, Huanan Avenue, Hehua Community, Pinghu Street, Longgang District, Shenzhen City, Guangdong Province, China.

6. Starcraft Network Limited ("Starcraft") is a Hong Kong company with a business address of Flat/Rm 705,7/F, Fa Yuen Commercial Building No.75, Fa Yuen Street, Mong Kok, KLN, Hong Kong.

7. Sonzea Trading Co., Limited ("Sonzea") is a Hong Kong company with a business address of Flat/Rm 705,7/F, Fa Yuen Commercial Building No.75, Fa Yuen Street, Mong Kok, KLN, Hong Kong.

8. For Vanice, Suzhou Ruoxing, Shenzhen Jiayi, Starcraft, and Sonzea, from my review of records, the Entities Chart accurately reflects (1) these Defendants' sales of products alleged to be infringing from websites under their control (both the total numbers globally, and the numbers (if any) from sales to Florida addresses), and (2) their amount of assets restrained by the TRO in this case. Separately, the "Compendium of Sales" accurately includes correct sales information for these Defendants' and their websites. For each of these Defendants, given operational costs, the profit margin for defendants' sales of the products such as the one at issue is approximately 8%.

9. Before learning about the Lawsuit, neither I nor, to my knowledge, anyone affiliated with these Defendants knew that any photographs or other alleged intellectual property rights at issue in this Lawsuit were copyrighted or otherwise protected. To my knowledge, Plaintiff never contacted any of these Defendants.

10. These Defendants each have no connections to Florida. They have no offices or employees in Florida, and do not specifically target Florida in any advertising.

11. These Defendants utilize PayPal accounts to operate their business. The temporary

3

restraining order in this case ordered the freezing of those PayPal Accounts.

12. These Defendants are suffering extreme harm from the freezing of their PayPal accounts, and they will continue to suffer such harm if the injunction is not dissolved or significantly reduced. The PayPal accounts are essential to Defendants' business operations.

13. These Defendants have already ceased selling the products at issue, and do not intend to restart selling the Products. The products generated a very small percentage of these Defendants' revenue.

14. Because of the vastly overbroad asset restraint, these Defendants are at risk of being held liable for defaulting on other obligations. Moreover, these Defendants are suffering an incalculable loss of reputation in the market. The Defendants have invested significant amounts of effort and money to establish themselves in the marketplace, and their inability to continue operating their businesses through their now-frozen PayPal accounts is causing an immeasurable loss of corporate reputation and difficulty in managing business operations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 9, 2023 at Chengdu, China.

*Miao Xu*
Miao Xu