# Exhibit 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

**VA 1-982-107**

Effective Date of Registration:
December 02, 2015

## Title

**Title of Work:** Maple Leaf Flag

## Completion/Publication

**Year of Completion:** 2009
**Date of 1st Publication:** January 11, 2009
**Nation of 1st Publication:** Canada

## Author

- **Author:** Don Komarechka
  **Author Created:** photograph
  **Citizen of:** Canada
  **Domiciled in:** Canada
  **Year Born:** 1986

## Copyright Claimant

**Copyright Claimant:** Don Komarechka
15 Douglas Dr., Barrie, Ontario, L4M5R8, Canada

## Rights and Permissions

**Name:** Don Komarechka
**Email:** don@komarechka.com
**Telephone:** 7057966799
**Address:** 15 Douglas Dr.
Barrie, Ontario, L4M5R8  Canada

## Certification

**Name:** Joe G. Naylor
**Date:** December 01, 2015
**Applicant's Tracking Number:** USCO-01507

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-09096-MCS-JPR | Date | February 15, 2023 |
| Title | *Betty's Best, Inc. v. Yuyao Aggpo Elec. Tech. Co. Ltd. et al.* | | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DENYING MOTION FOR ALTERNATIVE SERVICE (ECF NO. 35)**

Plaintiff Betty's Best, Inc. filed an ex parte application for an order authorizing service of process by email. (EPA, ECF No. 35.) The Court deems this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

As it stands, there is no operative complaint, and thus no defendants are currently subject to this action. (Prior Order, ECF No. 41.) But based on Plaintiff's prior filings, (*e.g.*, Superseded Compl., ECF No. 1; FAC, ECF No. 31; EPA for Recons., ECF No. 42), the Court understands that any amended complaint is likely to assert claims against the hundreds of defendants listed in Schedules A and B to the original complaint, (Superseded Compl. Sched. A, ECF No. 1-10; Superseded Compl. Sched. B, ECF No. 1-11). In the interest of judicial economy, the Court assumes for purposes of this ex parte request that Plaintiff intends to effect service on the merchants identified in Schedules A and B.

## I. BACKGROUND

Plaintiff seeks an order authorizing service by email "and by posting on a designated website." (EPA 6.) Plaintiff proposes three primary methods of providing notice to the purported defendants. First, Plaintiff seeks to use the buyer-seller messaging service provided by the online marketplaces of Amazon, AliExpress, and Wish. (*Id.* at 7–9, 17.) Second, as to the Facebook sellers, Plaintiff plans to obtain the merchants' email addresses directly from Facebook. (*Id.* at 8, 17.) And third, Plaintiff proposes creating a website detailing basic information about the case and providing links to "all filings and discovery in this matter." (*Id.* at 9, 17.) Plaintiff argues that because these merchants must provide Amazon, AliExpress, Wish, and Facebook their actual email addresses, these channels of communication are reliable and effective for providing notice to the purported defendants. (EPA 6–9; Rothman Decl. 3–5, ECF No. 35-1.)

## II. LEGAL STANDARD

A business entity outside any judicial district of the United States may be served in any manner (except personal delivery) outlined in Federal Rule of Civil Procedure 4(f), which pertains to service of foreign individuals. Fed. R. Civ. P. 4(h)(2). Service of foreign individuals may be done "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" ("Hague Convention"). Fed. R. Civ. P. 4(f)(1).

Alternatively, a court may order service on an overseas defendant to be done "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Courts have discretion to order alternative service when "the particularities and necessities of a given case require alternative service of process." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). This rule "is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Id.* at 1015 (citation and internal quotation marks omitted). The authorized method must not be prohibited by international agreement and must comport with constitutional notions of due process. *Id.* at 1014, 1016–17.

## III. DISCUSSION

As a preliminary matter, the Court lacks sufficient information about the whereabouts of the purported defendants to ascertain whether service by email is prohibited by international agreement. The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, the international agreement most frequently analyzed in Rule 4(f)(3) inquiries, does not prohibit service by electronic means. *Victaulic Co. v. Allied Rubber & Gasket Co., Inc.*, No. 3:17-cv-01006-BEN-JLB, 2020 U.S. Dist. LEXIS 82150, at *7 (S.D. Cal. May 8, 2020) (citing Hague Convention art. 10). However, several signatories to the Convention have taken reservations to certain provisions, including the People's Republic of China. *Declaration/Reservation/Notification*, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn. Plaintiff proffers that China's reservation to the Convention does not preclude service by electronic means. (EPA 14.) Many courts in this district concur. *E.g.*, *id.* at *7–8 (collecting cases); *Likas v. ChinaCache Int'l Holdings, Ltd.*, No. CV 19-6942 FMO (SSx), 2020 U.S. Dist. LEXIS 90923, at *6–7 (C.D. Cal. Jan. 29, 2020) (same). But Plaintiff offers no assurances that each of the 600-odd business entities listed in Schedules A and B are Chinese entities. To the contrary, Plaintiff acknowledges that it "has good cause to suspect Defendants are residing in and/or operating from the People's Republic of China . . . or *other foreign countries*." (EPA 14 (emphasis added).) Without more specificity or evidence as to the countries of origin of all defendants, the Court cannot confirm whether authorizing service by electronic means would derogate those sovereigns' qualified or unqualified assent to the Hague Convention.

Notwithstanding the Court's reservations regarding the geographic location of the purported defendants, Plaintiff's ex parte request fails for failing to establish that service by email would comport with due process. Service by email could be reasonably calculated to give notice to defendants, but courts in this circuit authorizing such service have required plaintiffs to send test emails to confirm deliverability. *E.g.*, *TV Ears, Inc. v. Joyshiya Dev. Ltd.*, No. 3:20-cv-01708-WQH-BGS, 2021 U.S. Dist. LEXIS 10071, at *9–11 (S.D. Cal. Jan. 19, 2021) (concluding due process was satisfied where plaintiff sent a test email to address on file with the USPTO); *Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Grp.*, No. SA CV 15-0246-DOC (DFMx), 2016 U.S. Dist. LEXIS 43128, at *8–9 (C.D. Cal. Mar. 25, 2016) (same); *see also Goes Int'l, AB v. Dodur Ltd.*, No. 14-CV-5666 LB, 2015 U.S. Dist. LEXIS 50394, at *7–8 (N.D. Cal. Apr. 16, 2015) (observing that sending test emails "provides at least some minimal assurance that the email address is legitimate").

Plaintiff has provided no indication that it attempted to send test emails or messages demonstrating "that the parties being served regularly use[] those means to communicate." *GSV Futures LLC v. Casmain L.P.*, No. 22-cv-05449-LB, 2022 U.S. Dist. LEXIS 205413, at *6 (N.D. Cal. Nov. 10, 2022); (*see generally* EPA; Rothman Decl.) While communicating through a marketplace messaging service may add an indicium of reliability, whether these merchants continue to use these channels of communication is a separate question of constitutional import. Accordingly, Plaintiff has not shown that service by email would be reasonably calculated to provide actual notice of this action. *Rio Props.*, 284 F.3d at 1016–17.

## IV. CONCLUSION

The application is denied without prejudice to renewal upon curing the defects identified in this Order. Any renewed motion or application should comport with regular motion procedures, *e.g.*, C.D. Cal. Rs. 6-1, 7-4, or adequate cause for hearing on an emergency basis, *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

**IT IS SO ORDERED.**