UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-22322-KMW

BETTY'S BEST, INC.,

       Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

       Defendants.

---

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY AS TO THE 64 DEFENDANTS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff BETTY'S BEST, INC. ("Betty's Best" or "Plaintiff") by and through its undersigned counsel, hereby moves this Honorable Court for leave to conduct expedited discovery pursuant to Fed. R. Civ. P. Rules 26(d) and 45 concerning Defendant Nos. 720, 743, 769, 781, 831, 870, 906, 911, 912, 918, 924, 735, 767, 778, 773, 821, 832, 907, 913, 919, 775, 916, 704, 800, 714, 847, 754, 763, 785, 702, 914, 927, 786, 817, 825, 871, 798, 877, 840, 915, 772, 880, 917, 923, 713, 839, 715, 728, 765, 803, 909, 879, 780, 818, 819, 878, 883, 822, 910, 858, 888, 922, 891, 904 (the "64 Defendants"), and in support thereof states as follows:

The 64 Defendants are a small group of related Chinese entities. (See Corporate Disclosure Statements filed at ECF 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 109, 110, 111, 112, 113, 114, 115, and 117). The 64 Defendants operate the websites listed on Schedule A that match up to their defendant numbers. The 64 Defendants'

websites are all scam websites. The 64 Defendants are all participants in a single illegal counterfeiting enterprise based in China targeting U.S. consumers and violating the rights of U.S. intellectual property owners.

Plaintiff separately filed the following pending motions:

1. **Motion for Preliminary Injunction** (ECF 17);

2. **Motion for Leave to File Second Amended Complaint** adding claims for violations of 17 U.S.C. § 1202; for violations of the Federal Racketeer Influenced And Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. against the defendants listed in Schedule B hereto who engaged in the conduct of an enterprise through a pattern of racketeering activity that included trafficking in counterfeit goods and counterfeit labels (18 U.S.C. § 2320), criminal copyright infringement (17 U.S.C. § 506), wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341), and interstate money laundering (18 U.S.C. § 1956); for violations of the Florida Civil Remedies for Criminal Practices Act, Fla. Stat. Chapter 772 and § 812.035, and the Florida RICO (Racketeer Influenced and Corrupt Organization) Act, Fla. Stat. Chapter 895, asserting a statutory right of action against the Schedule B defendants for their conduct of, or participation in, an enterprise through a pattern of criminal and racketeering activity in violation of Fla. Stat. §§ 772.103, 812.035 and 895.03; for unfair or deceptive practices in trade or commerce in violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, et seq.; for fraud and misrepresentation, fraudulent inducement, civil conspiracy and negligent misrepresentation in violation of the common law of Florida; and for unjust

      enrichment and money had and received under the common law of Florida. (ECF 120).

3. **Motion for Imposition of a Constructive Trust and Appointment of a Receiver** over the Assets of the 64 Defendants including the assets held by PayPal Holdings, Inc. that are ill-gotten gains frozen at PayPal, the same funds frozen by this Court in its TRO. (ECF 140).

4. **Motion to Take Judicial Notice** of the Thirty-Three (33) prior and pending lawsuits for counterfeiting against the 64 Defendants filed in this federal district and the Northern District of Illinois. (ECF 139).

All the evidence Betty's Best developed in its pre-suit investigation pointed to the 64 Defendants all being participants in a single illegal counterfeiting enterprise based in China targeting U.S. consumers. Since this case was filed, and since the defendants were identified by their real Chinese entity names, more evidence of their counterfeiting and fraud was collected. Based on this additional evidence, plaintiff moved to amend its complaint to allege defendants are engaged in a racketeering conspiracy to defraud consumers and commit criminal copyright and trademark infringement. (ECF 120, 120-001).

The 64 Defendants' opposition to plaintiff's motion for preliminary injunction admits to counterfeiting. The 64 Defendants provided the Court with a chart. (ECF 121-1). The chart admits tens of thousands of dollars in sales of counterfeit goods in the U.S. violating Betty's Best's IP rights. The chart also contains balances showing that the 64 Defendants claim over $21M frozen by PayPal.

The 64 Defendants proffered declarations of five controlling persons in opposition to the motion for preliminary injunction that admitted they sold counterfeit goods violating plaintiff's

intellectual property rights. The 64 Defendants' controlling persons all admitted that defendants' chart "accurately includes correct [counterfeit goods] sales information for these Defendants and their websites [listed on Schedule A]."[1] (ECF 121-2 through 121-6).

The 64 Defendants admitted through their controlling persons' affidavits that they "utilize PayPal accounts to operate their business" and that the "PayPal accounts are essential to Defendants' business operations." Defendants' five affidavits assert—in conclusory fashion and in identical language—that the defendants "are suffering extreme harm from the freezing of their Pay Pal accounts," and that "[a]ll or virtually of the frozen assets of these Defendants are proceeds from sales of products that are entirely unrelated to the product at issue." All the affidavits claim—without a single shred of supporting evidence whatsoever—that

> [b]ecause of the vastly overbroad asset restraint, these Defendants are at risk of being held liable for defaulting on other obligations. Moreover, these Defendants are suffering an incalculable loss of reputation in the market. The Defendants have invested significant amounts of effort and money to establish themselves in the marketplace, and their inability to continue operating their businesses through their now frozen PayPal accounts is causing an immeasurable loss of corporate reputation and difficulty in managing business operations.

(ECF 121-2 at 4-5, ECF 121-3 at 4-5, ECF 121-4 at 4-5, ECF 121-5 at 4-5, ECF 121-6 at 4-5).

In fact, the harm the 64 Defendants are suffering is harm they should suffer because the frozen funds are ill-gotten gains and the proceeds of the defendants' criminal counterfeiting enterprise. Their PayPal accounts were frozen because defendants use those accounts as instrumentalities of counterfeiting.

---

[1] In their defense, the 64 Defendants' representatives claimed they did not know "that any photographs or other alleged intellectual property rights at issue in this Lawsuit were copyrighted or otherwise protected." (ECF 121-2 at 4, ECF 121-3 at 4, ECF 121-4 at 4, ECF 121-5 at 4, ECF 121-6 at 4). Lack of knowledge is not a defense to infringement.

After this Court granted the plaintiff's motion for TRO and asset freeze, plaintiff's investigation revealed that the 64 Defendants are not engaged in any legitimate business activities. Rather, the focus of the 64 Defendants' business is the sale of counterfeit goods that violate the rights not only of plaintiff but of many other intellectual property owners. Attached to the Declaration of Sunday Jacobs filed at ECF 130-2 is a list of 33 other pending and prior online counterfeiting cases where the 64 Defendants committed the same counterfeiting offenses as the defendants accused in those cases. The list filed at ECF 130-6 contains at least 33 pending and prior online counterfeiting cases where the plaintiffs in those cases accused defendants of the same counterfeiting activity that plaintiff's investigation has revealed the 64 Defendants also committed including, as in this case, trademark, copyright and design patent infringement. Of the 33 other cases identified to date, counsel for Betty's Best was counsel for plaintiff in two on behalf of Frugality, Inc. both of which are cases filed in this district. See *Frugality, Inc. v. The Individuals, Partnerships, et al.,* Case Nos. 21-cv-23025 and 23-21000. The dockets for these cases are attached to the Declaration of Angela Nieves submitted with this motion, and the contents of these dockets are the subject of a Motion for Judicial Notice filed contemporaneously. Also attached to Ms. Jacobs' declaration are screenshots of the 64 Defendants engaged in the sale of counterfeit products violating the rights of other intellectual property owners. (ECF 130-5).

Betty's Best compiled screenshots showing consumer reports on the 64 Defendants' businesses and their websites demonstrating that defendants are running scam websites engaged in online internet scams. (Jacobs Decl. ¶ 26). Betty's Best also complied consumer reports of scams made directly to Betty's Best about the 64 Defendants and their counterfeiting and online scam business. (Jacobs Decl. ¶ 26).

Plaintiff needs certain additional electronically stored information and documents to demonstrate its entitlement to the relief requested in the motions listed above. Specifically, plaintiff needs the ability to issue subpoenas to and obtain information and documents from:

(a) PayPal Holdings, Inc.

(b) The following U.S. Banking institutions associated with the 64 Defendants PayPal accounts:

   i. JP Morgan Chase

   ii. Community Federal Savings Bank

   iii. Citibank, NA

   iv. Wells Fargo Bank, NA

(c) CloudFlare

(d) The 64 Defendants related to their accounts, the accounts of their controlling persons used as instrumentalities of their fraud and illegal activities, and concerning their settlements or agreements entered into in other cases against the 64 Defendants.

## BACKGROUND

1. Immediately upon receipt of the Court's TRO, the plaintiff contacted the third-party payment processors that the 64 Defendants use as instrumentalities of their counterfeiting activity, including PayPal.

2. Paypal responded to the TRO by producing for the 64 Defendants: (a) PayPal Account information including defendant names, addresses, email addresses, telephone numbers, account balances, and other information for the 64 Defendants' accounts. Paypal also produced certain limited information about whether the 64 defendants had ever had their accounts restrained or limited because of prior lawsuits, temporary restraining orders, consumer

complaints or fraud claims. Paypal refuses to produce any details about these prior cases or restraints without a subpoena. This information and documents related to prior claims of fraud and prior cases will demonstrate that the 64 Defendants are operating a criminal counterfeiting enterprise as alleged in the Second Amended Complaint and the pending motions listed above.

3. Opening and closing payment processing accounts is typical for defendants engaged in fraud. Holding other accounts that can be traced to fraudulent activity in other company names or the names of individuals who are controlling persons is also common for defendants engaged in fraud. This is additional information that tends to show that and the 64 Defendants are operating a criminal counterfeiting enterprise. Plaintiff seeks leave to obtain this additional information by subpoena to PayPal in support of the pending motions above. Attached hereto as Exhibit 1 is a proposed subpoena to PayPal that Plaintiff seeks leave to serve.

4. The account information provided by PayPal for the 64 Defendants shows that the 64 Defendants maintain bank accounts at U.S. banking institutions. Plaintiff has good reason to believe that the 64 Defendants use these U.S. banking institutions as instrumentalities of their criminal racketeering enterprise and that good cause exists to seek a freeze of any assets at those institutions. Obtaining the necessary information to seek such a freeze will require a subpoena. Attached hereto as Exhibit 2 are proposed subpoenas to these institutions that Plaintiff seeks leave to serve.

5. The 64 Defendants use the service Cloudflare to obscure and make private the server addresses and other identifying information for their websites where they engage in illegal counterfeiting and related activities. Obtaining the information showing the subscriber data and domain name server addresses for the defendants' websites requires a subpoena. Attached hereto as Exhibit 3 is a proposed subpoena to Cloudflare plaintiff seeks leave to serve.

6. The focus of the 64 Defendants' business is the sale of counterfeit goods that violate the rights not only of plaintiff but also of many other intellectual property owners. Attached to the Declaration of Sunday Jacobs filed at ECF 130-2 is a list of the 64 Defendants and the other pending and prior online counterfeiting cases where they were named as defendants. The list filed at ECF 130-6 contains at least 33 cases where the 64 Defendants were accused of counterfeiting violations including, as in this case, trademark, copyright and design patent infringement. Of the 33 other cases identified to date, counsel for Betty's Best was counsel for plaintiff in two of the cases, both on behalf of Frugality, Inc. and both of those cases filed in this district. See *Frugality, Inc. v. The Individuals, Partnerships, et al.,* Case Nos. 21-cv-23025 and 23-21000. The dockets for all of these defendants' prior cases are attached to the Declaration of Angela Nieves submitted with this motion, and the contents of these dockets are the subject of a Motion for Judicial Notice filed contemporaneously.

7. Plaintiff needs to know whether and under what circumstances the 64 Defendants settled or resolved the other cases against them in order so that these settlements can be taken into account in connection with the court's consideration of the motion for constructive trust and for the appointment of a receiver. A proposed list of documents requested from the 64 Defendants is attached hereto as Exhibit 4.

## MEMORANDUM OF LAW

Federal courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes "good cause" for such discovery. *Tracfone Wireless, Inc. v. Adams,* 304 F.R.D. 672, 673 (S.D. Fla. 2015). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D.Cal. 2002).

Expedited discovery is warranted where, as here, there is a showing of good cause. Good cause is shown by the record supporting the entry of the TRO in this case. Expedited discovery is also warranted so that plaintiff may mitigate any additional irreparable harm caused by Defendants' ongoing alleged scheme. *See, e.g., United States v. Mayer,* 2003 WL 1950079, at *1–2 (M.D. Fla. Feb. 20, 2003) (ordering expedited civil discovery due to the risk of irreparable injury); *Twentieth Century Fox Film Corp. v. Mow Trading Corp.,* 749 F. Supp. 473, 475 (S.D.N.Y.1990) (granting plaintiff expedited discovery in copyright infringement case so that factual inquiries could be made to avoid further irreparable harm).

Factors commonly considered in assessing the existence of good cause include "'(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Fluke Elecs. Corp. v. CorDEX Instruments, Inc.*, C12-2082-JLR, 2013 U.S. Dist. LEXIS 19540, 2013 WL 566949 at *10 (W.D. Wash. Feb. 13, 2013) (quoting *Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009)).

There is a preliminary injunction pending in this case. There is also a pending motion for imposition of a constructive trust and appointment of a receiver. Plaintiff's third party discovery requests are narrowly tailored to seek information only concerning the 64 Defendants, their PayPal accounts, the other accounts associated with the PayPal accounts of these defendants, and the defendants' websites. The information requested is needed in order to pursue the pending preliminary injunction motion and the other pending motions listed above.

Regarding the burden to the third parties, it is light. PayPal is already subject to the Court's TRO and provided financial data on these Defendants within one business day. Due to

the narrow nature of the additional data Plaintiff seeks, PayPal is not likely to be significantly burdened by compliance with a court-ordered subpoena for this data. Similarly, the burden on the other third-parties is relatively small and limited.

### RULE 7.1 MEET AND CONFER STATEMENT

Plaintiff's counsel has conferred with counsel for the 64 Defendants in a good faith effort to resolve the issues raised. Counsel for the 64 Defendants stated that they are opposed to the relief requested herein.

WHEREFORE, this Court should grant the motion and permit Plaintiff to serve a third-party subpoena on PayPal to obtain the information set forth in the attached proposed subpoenas.

DATED: October 17, 2023                     Respectfully submitted,

/s/ Angela M. Nieves
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100 Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Betty's Best, Inc.*