UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-CV-22322-KMW

BETTY'S BEST, INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE 'A',

    Defendants.

_____

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AS TO DEFENDANTS 1 TO 18 AND 20 TO 285**

This matter is before the Court on Plaintiff Betty's Best, Inc.'s Motion for Preliminary Injunction [ECF No. 17], filed under 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, 17 U.S.C. §§ 502 and 503, 35 U.S.C. §§ 281 and 283, and The All Writs Act, 28 U.S.C. § 1651(a), against Defendants identified on Schedule "A" as 1 to 18, and 20 to 285 (the "Alibaba and Aliexpress Defendants").

The Court has carefully considered the Motion, the record, and the governing law. For the reasons stated below, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction be **GRANTED** as to **Defendants 1–18 and 20–63** and **DENIED** as to **Defendants 64–285**.

**BACKGROUND**

On September 1, 2023, the Court affirmed and adopted the Report and Recommendation issued by the undersigned at ECF No. 22, thereby entering a temporary restraining order and an order restraining the financial accounts used by Defendants (the "TRO"). [ECF No. 24]. The TRO

set a hearing on the Plaintiff's Motion for Preliminary Injunction (the "Motion") for September 14, 2023. The hearing was continued twice to October 17, 2023 to allow Defendants to be served and to file a response to the Motion. [ECF Nos. 31, 118].

Prior to the hearing on the Motion for Preliminary Injunction, Plaintiff filed Proofs of Service on the Defendants pursuant to the Court's Order Authorizing Alternate Service of Process entered on July 31, 2023 at ECF No. 21. Plaintiff's proofs of service affirmed that on October 12, 2023, Plaintiff served process on Defendants 1–18 and 20–63. [ECF No. 128]. On October 16, 2023, Plaintiff served process on Defendants 64–285 by emailing these Defendants the text of the summons issued in this action and the link http://www.sriplaw.com/notice where the full text of the Amended Complaint, exhibits thereto, Temporary Restraining Order, and the full text of all other documents filed in this action are available to view and download in compliance with this Court's Order on Alternate Service. [ECF No. 132]. **Plaintiff has not served Defendant number 19 and, therefore, has not included Defendant number 19 in its Motion for Preliminary Injunction. Accordingly, the Court is excluding Defendant number 19 from this Report**.

The Court has reviewed the evidence presented to the Court on the Motion and hereby determines that it has personal jurisdiction over **Defendants 1–18** and **20–63**. The evidence presented on the Motion shows that these defendants have been served with process pursuant to this Court's order authorizing alternative service. The Court also determines that these defendants directly target their business activities toward consumers in the United States, including Florida, and specifically that the defendants are reaching out to do business with Florida residents by operating one or more commercial, interactive internet stores on internet marketplaces where Florida residents can purchase products bearing infringing and/or counterfeit trademarks belonging to the Plaintiff.

Judge Williams's Order on Plaintiff's Second Motion to Continue the Preliminary Injunction Hearing and Extend the Temporary Restraining Order provided Defendants with an opportunity to respond to or oppose the Motion by October 13, 2023. [ECF No. 118 at 3]. Defendants 1–18 and 20–63 were served before this deadline and failed to appear at the October 17, 2023 hearing.

This Court further determines that the temporary restraints previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of plaintiff's previously granted Motion for a Temporary Restraining Order establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

The Court finds that Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing counterfeits, reproductions, or colorable imitations of the products using the 5072866 STRIPHAIR Mark registered on November 01, 2016, and 5328641 THE GENTLE GROOMER Mark registered on November 07, 2017 (collectively the "Betty's Best Marks"), for "grooming tools for pets, namely, combs and brushes; Currycombs" in International Class 21. The Betty's Best Marks are valid and registered on the Principal Register of the United States Patent and Trademark Office and shown in Composite Exhibit 1 to the Complaint in this action. (collectively the "Betty's Best Marks").

Plaintiff also has a strong probability of proving at trial that Defendants market and advertise their products using Plaintiff's photographs, videos, and website which are protected by copyright and registered with the Copyright Office (collectively the "Works"). Plaintiff's

photographs are duly registered with the Register of Copyrights as visual materials:

| Copyright Title and Description | Reg. No. | Reg. Date |
|---|---|---|
| StripHair Product Pictures 2020 (group of 10 photographs) | VA 2-299-367 | 05/12/2022 |
| StripHair Product Pictures 2019 (group of 7 photographs) | VA 2-300-902 | 05/19/2022 |
| StripHair Product Pictures 2018 (group of 2 photographs) | VA 2-304-928 | 06/03/2022 |
| StripHair Product Pictures 2021 (group of 8 photographs) | VA 2-304-931 | 06/03/2022 |

Plaintiff's videos are duly registered with the Register of Copyrights as entire motion pictures, as shown in the table below.

| Copyright Title and Description | Reg. No. | Reg. Date |
|---|---|---|
| SH-Video-1 11.01.2019 (entire motion picture) | PAu 4-142-655 | 06/14/2022 |
| SH-Video-2 4-01-2021 (entire motion picture) | PAu 4-142-666 | 06/14/2022 |
| SH-Video-3 7.01.2021 (entire motion picture) | PAu 4-143-928 | 06/30/2022 |
| SH-Video-4 4.01.2018 (entire motion picture) | PAu 4-143-929 | 06/30/2022 |
| SH-Video-5 3.01.2019 (entire motion picture) | PAu 4-145-045 | 07/14/2022 |
| SH-Video-7 6.01.2020 (entire motion picture) | PAu 4-145-360 | 07/19/2022 |
| SH-Video-8 5.01.2021 (entire motion picture) | PAu 4-145-361 | 07/19/2022 |
| SH-Video-6 2.01.2019 (entire motion picture) | PAu 4-145-379 | 07/19/2022 |

Plaintiff's website content comprising photographs and text, titled "striphair.com website," is duly registered with the Register of Copyrights under the Reg. No. VA 2-271-013, effective from October 6, 2021.

Plaintiff has a strong probability of proving at trial that the products Defendants are selling and promoting for sale infringe the Plaintiff's products' design features which are protected under a design patent and registered with the United Stated Patent and Trademark Office under the U.S. Patent No. D841,900 S titled "HORSE OR PET GROOMING TOOL" (the "HOPGT Design

4

Patent"). The HOPGT Design Patent was registered on February 26, 2019, has not expired and is valid.

The potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued. The public interest favors issuance of the temporary restraining order to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods.

In addition, under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing counterfeits and infringements of Plaintiff's trademarks. See *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992). The Copyright Act also permits the recovery of Defendants' profits. See 17 U.S.C. § 504. Furthermore, both the Copyright Act and the Patent Act permit the entry of an injunction to restrain violations of those acts, 17 U.S.C. § 502, 35 U.S.C. § 283, and the Copyright Act authorizes an order impounding infringing goods and articles. 17 U.S.C. §503.

Further, Plaintiff has demonstrated that it is entitled to recover, as an equitable remedy, an injunction as a result of the infringement of Plaintiff's patent by Defendants, inasmuch as Plaintiff has demonstrated that Plaintiff has and will continue to suffer price erosion as a result of Defendants' infringement because Defendants sell their products that infringe Plaintiff's intellectual property rights for much less than Plaintiff, Plaintiff has been forced to lower its prices as a result of the infringement, the Defendants' continued infringement prevent and frustrate

Plaintiff's ability to sell its authentic products, and Plaintiff has been unable to restore the higher price point it was able to sell at prior to the infringements and counterfeiting by Defendants.

In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark, copyright, and patent laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless the restraint of those assets ordered in the TRO is continued.

**Defendants 64–285**, unlike **Defendants 1–18** and **20–63**, were served on October 16, 2023, providing merely 24 hours (or less) to appear in this action or otherwise respond to the Motion at today's hearing. For this reason, Plaintiff's Motion as to these defendants is denied. *See Louis Vuitton Malletier, S.A. v. Adrian Padilla Hotgame Poster*, 15-62618-CIV, 2016 WL 7487752, at \*2 (S.D. Fla. Jan. 14, 2016) (providing 7 days for recently served defendants to file a response to plaintiff's Application for Preliminary Injunction).

Accordingly, the Court having considered the motion and having found good cause, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction be **GRANTED** as to **Defendants 1–18 and 20–63**, but **DENIED** as to **Defendants 64–285** for lack of sufficient notice and opportunity to be heard. As such, with respect to Defendants 1–18 and 20–63, it is recommended that the following injunction be entered:

## PRELIMINARY INJUNCTION

1. Each defendant listed on Exhibit 1 attached hereto, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any defendant having notice of this Order are hereby restrained and enjoined during the pendency of this case:

    a.  From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Betty's Best Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by plaintiff; and

    b.  From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by plaintiff, bearing and/or using the Mark, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the Betty's Best Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any defendant, including, but not limited to, any assets held by or on behalf of any defendant;

    c.  From copying, displaying, distributing or creating derivative works of Plaintiff's Copyrighted Works; and

    d.  From making, using, selling, importing and/or offering to sell products that practice the HOPGT Design Patent.

  2.  Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any defendant having notice of this Preliminary Injunction shall immediately discontinue, until further Order of this Court, the use of the Betty's Best Marks, or any confusingly similar trademarks, or the Plaintiff's Copyrighted Works, and the HOPGT Design Patent on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores

operating under the Seller IDs. This order is limited to the defendants' listings using the Betty's Best Marks, or any confusingly similar trademarks, or the Plaintiff's Copyrighted Works, and the HOPGT Design Patent, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs, and does not apply to the defendants' entire e-commerce stores.

3. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any defendant having notice of this Preliminary Injunction shall immediately discontinue, until further Order of this Court, the use of the Betty's Best Marks, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or operated by any Defendant, including the Internet based e-commerce stores operating under the Seller IDs.

4. Each defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

5. Each defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs that may have been deleted before the entry of this Order.

6. Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Ayden N.V. ("Ayden"), Checkout Ltd which operates Checkout.com ("Checkout.com"), Alibaba.com Hong

Kong Limited, which operates the AliExpress.com platform ("AliExpress"), Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Financial Services"), AliPay (China) Internet Technology Co. Ltd., Alipay.com Co., Ltd., and Alipay Singapore E-Commerce Private Limited (collectively, "Alipay"), Amazon Payments, Inc. ("Amazon"), Cloudflare.com ("Cloudflare"), Dunhuang Group which operates the DHgate.com and DHPay.com platforms, Camel FinTech Inc, ContextLogic, Inc., which operates the Wish.com website ("ContextLogic"), PayPal, Inc. ("PayPal"), eBay, Inc. ("eBay"), Stripe, Inc. and/or Stripe Payments Company ("Stripe"), Walmart.com ("Walmart"),  and their related companies and affiliates shall continue the restraints imposed under the TRO until further Order of this Court and, to the extent not already done, (i) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; (ii) divert those restrained funds to a holding account for the trust of the Court.; (iii) identify all financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores operating under the Seller IDs, store numbers, infringing product numbers, and/or the e-mail addresses identified on Schedule "A" to the Complaint and Exhibit 1 attached hereto, as well as any other accounts of the same customer(s); (iv) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order;

      7.     Upon receipt of notice of this Preliminary Injunction, defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to, Ayden, Checkout.com, AliExpress, Ant Financial Services, Alipay, Amazon, Cloudflare, Dunhuang Group which operates the DHgate.com and DHpay.com platforms, Camel FinTech Inc, ContextLogic, PayPal,

eBay, Stripe, Walmart, and their related companies and affiliates, shall to the extent not already done, provide plaintiff's counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained; (iii) the historical sales for the defendants' listings that are alleged to infringe plaintiff's trademarks; and (iv) the true identities along with complete contact information including email addresses of all defendants.

8. The funds restrained by this Preliminary Injunction shall not be transferred or surrendered by any defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Ayden, Checkout.com, AliExpress, Ant Financial Services, Alipay, Amazon, Cloudflare, Dunhuang Group which operates the DHgate.com and DHpay.com platforms, Camel FinTech Inc, ContextLogic, PayPal, eBay, Stripe, Walmart, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

9. No defendant whose funds are restrained by this Preliminary Injunction may transfer said funds in possession of any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Ayden, Checkout.com, AliExpress, Ant Financial Services, Alipay, Amazon, Cloudflare, Dunhuang Group which operates the DHgate.com and DHpay.com platforms, Camel FinTech Inc, ContextLogic, PayPal, eBay, Stripe, Walmart, and their related companies and affiliates restrained by this Order to any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without the express authorization of this Court.

10. Any defendant or financial institution account holder subject to this Preliminary Injunction may petition the Court to modify the asset restraint set out in this Order.

11. This Order shall apply only to the Seller IDs listed on Schedule "A" to the Complaint and Exhibit 1 attached hereto, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting the Betty's Best Marks, Copyrighted Works, the HOPGT Design Patent, and/or unfairly competing with Plaintiff.

12. This Preliminary Injunction shall remain in effect during the pendency of this case and until further Order of the Court. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Preliminary Injunction upon notice to plaintiff pursuant to the Federal Rules of Civil Procedure and Local Rules of the Southern District of Florida.

## BOND

13. The Court finds that the bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00) posted by Plaintiff as evidenced by the Notice of Filing Bond [ECF No. 26] is sufficient and shall remain with the Court until a final disposition or until this Preliminary Injunction is dissolved or terminated.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(a), Plaintiff has THREE (3) days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge.1 *See generally Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507 (11th Cir. 1990). Failure to timely file objections will bar a de novo determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th

Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 18th day of October, 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

**cc: United States District Judge Kathleen M. Williams;**

**Counsel of Record**

**EXHIBIT 1**

| Doe No. | Marketplace | Merchant Name |
|---|---|---|
| 1 | Alibaba | Shenzhen Juxinda E-Commerce Co., Ltd. |
| 2 | Alibaba | Yuyao Aggpo Electronic Technology Co., Ltd. |
| 3 | Alibaba | Zhejiang Vcare Pet Supplies Co., Ltd. |
| 4 | Alibaba | Shenzhen City Anston Technology Co., Ltd. |
| 5 | Alibaba | Anqing Weining Import And Export Trade Co., Ltd |
| 6 | Alibaba | Hebei Baijie Imp.&Exp. Trade Co., Ltd. |
| 7 | Alibaba | Jilin Baiying Trade Co., Ltd. |
| 8 | Alibaba | Yiwu Bangjia Commodity Co., Ltd. |
| 9 | Alibaba | Dongguan Junrong Jiaye Technology Co., Ltd. |
| 10 | Alibaba | Shenzhen Baishengtong Network Technology Co., Ltd. |
| 11 | Alibaba | Yiwu Maihuo daily necessities Co., Ltd |
| 12 | Alibaba | Shenzhen Lucheng Electronic Technology |
| 13 | Alibaba | Market Union Co., Ltd. |
| 14 | Alibaba | Hangzhou Cute Pet Technology Co., Ltd. |
| 15 | Alibaba | DD Bunny (Shenzhen) Trading Company Ltd. |
| 16 | Alibaba | Hangzhou Dolle Tech Co., Ltd. |
| 17 | Alibaba | Henan Feeker Import And Export Co., Ltd. |
| 18 | Alibaba | Wenzhou Fa Bric Sports Company Limited |
| 20 | Alibaba | Wenzhou Gangtong Stationery&Crafts Co., Ltd. |
| 21 | Alibaba | Guigang Younger Craftwork Co., Ltd. |
| 22 | Alibaba | Helloworld (Guangzhou) Import & Export Co., Ltd. |
| 23 | Alibaba | FUZHOU HIPPIH TECHNOLOGY CO.,LTD |
| 24 | Alibaba | Shenzhen Hiyooo E-Commerce Co., Ltd. |
| 25 | Alibaba | Henan Wetop Industrial Co., Ltd. |
| 26 | Alibaba | Yutian Futai International Trade Co., Ltd. |
| 27 | Alibaba | Suzhou Hongxinyang Precision Machinery Co., Ltd. |
| 28 | Alibaba | Suzhou Hongxinyang Imp. & Exp. Co., Ltd. |
| 29 | Alibaba | Hangzhou Gaoshengrui Technology Co., Ltd. |
| 30 | Alibaba | Suzhou Sunrise Technologies Ltd. |
| 31 | Alibaba | Shandong Jiulin Import & Export Co., Ltd. |
| 32 | Alibaba | Dongguan Gioriun trading Co., Ltd. |
| 33 | Alibaba | Jiangsu Laoshu Pet Products Co., Ltd. |
| 34 | Alibaba | Shenzhen Jyc Technology Ltd. |
| 35 | Alibaba | Wuhan Kaisi Bake Network Technology Co., Ltd. |
| 36 | Alibaba | Quanzhou Lechong Pet Products Co., Ltd. |
| 37 | Alibaba | Jilin Province Lewei Trade Co., Ltd. |

| | | |
|---|---|---|
| 38 | Alibaba | Guangzhou Linke International Trade Co., Ltd. |
| 39 | Alibaba | Yiwu Homey Daily Necessity Factory |
| 40 | Alibaba | Shenzhen Maihong Tech Co., Ltd. |
| 41 | Alibaba | Shijiazhuang Maikesi Brace Technology Co., Ltd. |
| 42 | Alibaba | Shijiazhuang Mismi Imp. & Exp. Co., Ltd. |
| 43 | Alibaba | Ningbo Youerxun Trading Co., Ltd. |
| 44 | Alibaba | Ningbo Home Solution Corp., Ltd. |
| 45 | Alibaba | Ningbo Mimo Import & Export Co., Ltd. |
| 46 | Alibaba | Dongguan Rongtengxin Technology Co., Ltd |
| 47 | Alibaba | Yiwu Xinteng E-Business Firm |
| 48 | Alibaba | Shanghai Sloppy Dog Pet Products Co., Ltd. |
| 49 | Alibaba | Yiwu Tianbing Trading Co., Ltd. |
| 50 | Alibaba | Yiwu Tuoying Technology Co., Ltd. |
| 51 | Alibaba | Shenzhen Twosuccess Electronic Co., Ltd. |
| 52 | Alibaba | Dongguan Velloda Jewelry Manufacturer |
| 53 | Alibaba | Shanghai Vking Laser Beauty Co., Ltd. |
| 54 | Alibaba | Xuangui Technology (Shanghai) Co., Ltd. |
| 55 | Alibaba | Yiwu Xunao Trading Co., Ltd. |
| 56 | Alibaba | Hangzhou Yichong Technology Co., Ltd. |
| 57 | Alibaba | Yiwu Fresh Trading Co., Ltd. |
| 58 | Alibaba | Yiwu Zhenyue E-Commerce Firm |
| 59 | Alibaba | Yangzhou Haiku Pet Product Co., Ltd. |
| 60 | Alibaba | Yangzhou Lijia Imp. & Exp. Trade Co., Ltd. |
| 61 | Alibaba | Yangzhou Yingte Relax Daily Products Co., Ltd. |
| 62 | Alibaba | Wenzhou Zhuote Technology Co., Ltd. |
| 63 | Alibaba | Shanghai Zuwei Meidcal Healthcare Instruments Co., Ltd. |