UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

|  |  |  |
|---|---|---|
| BETTY'S BEST, INC.,<br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, PARTNERSHIPS,<br>AND UNINCORPORATED<br>ASSOCIATIONS IDENTIFIED ON<br>SCHEDULE "A,"<br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:23-cv-22322-KMW |

**CERTAIN DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR CONSTRUCTIVE TRUST AND APPOINTING A RECEIVER**

Defendants Nos. 720, 743, 769, 781, 831, 870, 906, 911, 912, 918, 924, 735, 767, 778, 773, 821, 832, 907, 913, 919, 775, 916, 704, 800, 714, 847, 754, 763, 785, 702, 914, 927, 786, 817, 825, 871, 798, 877, 840, 915, 772, 880, 917, 923, 713, 839, 715, 728, 765, 803, 909, 879, 780, 818, 819, 878, 883, 822, 910, 858, 888, 922, 891, 904 ("Certain Defendants"), as identified in Schedule "A" to the Complaint (DE 0011-007), by and through undersigned counsel, hereby respond in opposition to the Motion for Constructive Trust and Appointing a Receiver (the "Motion") (DE 140) filed by Plaintiff Betty's Best, Inc. ("Plaintiff").

Plaintiff is asking the Court to freeze more than $21 million on the basis of claims that do not currently exist in this case, on the basis of spurious and unsubstantiated allegations of

1

generalized wrongdoing, and without seeking a preliminary injunction or even attempting to satisfy the standards of a preliminary injunction for this asset freeze. The Court should swiftly reject this effort and deny this Motion.

## MEMORANDUM OF LAW

Plaintiff has already filed a motion for preliminary injunction seeking, inter alia, to freeze Certain Defendants' assets to preserve an equitable remedy for its own claims. (DE 17.) That motion remains pending and likely set for a final evidentiary hearing on November 13, 2023. *See* DE 147. The scope of the permissible asset restraint under a preliminary injunction is narrow and limited to preserving equitable remedies on pending claims, including disgorgement of defendant's profits, as addressed at length in other papers. *See, e.g.*, DE 151 (Certain Defendants' objection to report and recommendation); *see also* Report and Recommendation on Motion for Preliminary Injunction (DE 147) ("[Certain Defendants] argue the amount of money restrained far exceeds the amount they may have profited from the sales and the funds restrained should be reasonably related to the amount of profit. The Court agrees."). In an apparent second-bite-at-the-apple, Plaintiff now seeks imposition of a constructive trust and receivership – not for the benefit of Plaintiff's claims, which are already the subject of the preliminary injunction motion, but for the benefit of amorphous "future plaintiffs" and unidentified "customers," and premised on claims that *do not exist* in this case.

The Motion should be denied for at least five separate reasons.

First, Plaintiff is effectively seeking preliminary injunctive relief – an asset freeze of $21 million at the outset of the case, before any discovery has occurred and before any merits

determinations have been made – under the guise of a motion for constructive trust. This is improper. Plaintiff has already filed a motion for a preliminary injunction, and Plaintiff has given no explanation for why it can attempt to impose two separate preliminary injunctions. Plaintiff cannot simply file another request for preliminary injunctive relief under a different name. Further, Plaintiff has failed to address or even remotely satisfy the standard for seizing over $21 million as preliminary injunctive relief.

Second, none of the claims in the operative complaint – the First Amended Complaint, at DE 84 – support the imposition of a constructive trust or receivership. Plaintiff acknowledges that this Motion is premised on the claims of the *proposed* second amended complaint, which includes claims for constructive trust, unjust enrichment, and RICO violations. Plaintiff admits that its Motion is based on those claims for constructive trust and RICO violations, but those claims are *not asserted in the operative First Amended Complaint*. *See* Motion, DE 140, p. 11 ("A further basis to maintain the freeze on these assets is the imposition of a constructive trust over those assets based on the claims of RICO violations and unjust enrichment against the 64 Defendants."); *see also* Motion, DE 140, p. 5 ("Plaintiff filed a motion for leave to amend its complaint to allege these violations[.]"). Although Plaintiff has filed a motion to amend (DE 120), that motion remains pending and Certain Defendants will oppose that motion. Under Rule 15(a), that amendment requires leave of the Court, and the Court has not yet ruled on the motion. Certain Defendants strenuously deny that Plaintiff would be able to assert any sort of RICO violation against them, among other deficiencies with the proposed second amended complaint. Thus, Plaintiff is trying to jump the gun by seeking preliminary injunctive relief to freeze more than $21 million on claims

3

that *do not exist in this case*. For example, Plaintiff cannot show likelihood of the success on the merits of a claim it does not have – there is no chance of success, because there is no claim. Accordingly, the Motion should be denied.

Third, Plaintiff does not have standing to freeze assets of Certain Defendants for the benefit of hypothetical third parties (which likely include current, former, or potential clients of Plaintiff's counsel's law firm).

Fourth, a constructive trust cannot be imposed on general assets. *See, e.g., Bender v. Centrust Mortg. Corp.*, 51 F.3d 1027, 1030 (11th Cir. 1995) ("A constructive trust cannot be imposed on general assets."). Plaintiff cannot show that the more than $21 million that was temporarily frozen by the temporary restraining order is traceable to any particular purportedly ill-gotten funds. Plaintiff makes a sweeping argument, with no evidentiary basis whatsoever, that Certain Defendants engage in no legitimate business. However, this is incorrect, because Certain Defendants operate legitimate e-commerce businesses and have submitted sworn declarations regarding their business operations. *See* DE 121 and supporting exhibits. To impose a constructive trust, the burden is on Plaintiff to identify specific "ill-gotten" funds, and they have not done so, nor can they. The mere fact that Certain Defendants have been sued here by a single plaintiff for intellectual property infringement – claims that they intend to defend against – does not somehow render them fraudulent enterprises.

Fifth, Plaintiff has not satisfied the standard for appointment of a receiver or adequately explained how it would satisfy that standard under these circumstances.

### I. Plaintiff Does Not Satisfy the Standard for Preliminary Injunctive Relief Imposing a "Constructive Trust."

Although Plaintiff styles this Motion as a request for a constructive trust and receivership, Plaintiff would need to file a motion for preliminary injunction to freeze Certain Defendants' assets during the pendency of this action. Because Plaintiff has not done so, and has therefore failed to satisfy the standard for a preliminary injunction, the Motion must be denied. In other cases involving claims for constructive trust, the court has imposed a preliminary injunction on the basis of that claim – but Plaintiff has not pursued that here (and cannot do so, because there is no operative claim for constructive trust). *See, e.g., Iksa Exim v. Allouche*, No. 20-23159-CIV-CAN, 2022 U.S. Dist. LEXIS 31631, at *5 (S.D. Fla. Jan. 18, 2022) (granting preliminary injunction on claim for constructive trust). *See id*. ("A district court has the authority to provide preliminary relief if the underlying cause of action is based on equitable principles. . . . Plaintiffs assert two claims relevant to the Motion: unjust enrichment and constructive trust[.]"); *see also id*. ("Because Plaintiffs have provided sufficient evidence to support their claim and identified the specific res at issue, the Court finds that Plaintiffs have demonstrated a substantial likelihood of success on their claim for a constructive trust."). Plaintiff has not attempted to argue that it satisfies the standard for a preliminary injunction on a (non-existent) claim for constructive trust, and Certain Defendants will not attempt to respond to arguments that have not been made. Here, the operative First Amended Complaint also does not include a claim for unjust enrichment or RICO violations.

Apart from that problem, Plaintiff also fails to explain how it satisfies any of the basic elements of a claim for constructive trust – even if such a claim were alleged in the operative

5

complaint, and again, it is not. Plaintiff cites *Talbot v. Anderson*, No. 8:15-cv-1313-T-TBM, 2015 U.S. Dist. LEXIS 189475, at *17 (M.D. Fla. Aug. 17, 2015) for its recitation of the black-letter elements of this claim. "To impose a constructive trust, the plaintiff must satisfy four elements: (1) a promise, express or implied, (2) transfer of the property and reliance thereon, (3) a confidential relationship and (4) unjust enrichment." *Id*. (internal citation and quotation omitted). However, Plaintiff fails to explain how any of those elements are satisfied here. What promise did each of the Certain Defendants make? To whom? Who transferred property? What did this purported transferor rely upon? What is the basis for a confidential relationship, when any transactions would have been arms-length commercial transactions? Plaintiff fails to explain how *any* of these elements are satisfied, even if there were a claim for constructive trust in this action or another equitable claim that could support a remedy of constructive trust (and again, there is no such claim in the operative complaint).

Plaintiff has failed to identify any claims in the operative First Amended Complaint that would support the *remedy* of a constructive trust, and none exist. To the extent that a constructive trust is better viewed as a remedy rather than a claim, Plaintiff has failed to explain how it could succeed on the merits of a claim for which the remedy of a constructive trust would be available.

Accordingly, the Motion must be denied on this basis.

## II. Plaintiff Does Not Have an Operative Claim Against Certain Defendants for Constructive Trust, Unjust Enrichment, or RICO Violations.

The operative complaint is the First Amended Complaint (the "FAC") (DE 84), filed on September 24, 2023. That complaint includes claims for copyright infringement, trademark

infringement, patent infringement, false designation of origin, and common law unfair competition.  It does not include claims for constructive trust or unjust enrichment.  Although Plaintiff has filed a motion to amend to add claims for constructive trust, unjust enrichment, and RICO violations, among others (DE 120), that proposed complaint is *not the operative complaint and cannot support any preliminary relief at this time*.  Certain Defendants intend to oppose the amendment on the basis of, inter alia, futility of the amendment.  There is no factual basis for Plaintiff's outrageous and far-fetched theory of criminal RICO violations or the imposition of a constructive trust over *all* of Certain Defendants' assets for the benefit of unknown third parties.  The novel theories of liability presented in the proposed second amended complaint are not supported by the facts, as Certain Defendants will show in opposing that motion.  The proposed second amended complaint seeks a receiver and a constructive trust, but it is not yet the operative pleading, and the amendment will likely be denied.  Certain Defendants intend to oppose the proposed amendment in due course, and Certain Defendants anticipate that the amendment will be denied by the Court because, inter alia, it lacks any factual basis.

There is no legal basis for the Court to impose a constructive trust and restrain more than $21 million based upon a pending amendment that has not been granted and likely will not be granted – particularly where, as here, the Court has acknowledged that the frozen $21 million vastly exceeds the potential equitable remedies that Plaintiff may obtain on its own claims.  *See* DE 147.

Accordingly, the motion for constructive trust and appointment of a receiver should be denied on this basis.

### III.  Plaintiff Does Not Have Standing to Seek Injunctive Remedies for the Benefit of Unidentified Third Parties.

In the Motion, Plaintiff confirms that it is seeking imposition of a constructive trust for the benefit of others, but Plaintiff does not have standing to do this.  *See* Motion, DE 144, p. 10 (identifying "two categories of victims" and arguing that "[t]he interests of these groups and their claims to the funds frozen by this Court must be preserved in equity.  Releasing the 64 Defendants' frozen funds will cause further injustice to these two groups who are victims of the 64 Defendants' illegal activities.").

The separate pending motion for preliminary injunction (DE 17) is premised on Plaintiff's own claims and potential remedies.  This motion for a constructive trust seems intended to benefit others who are not plaintiffs in this action.  Plaintiff contends: "Imposing a constructive trust over the frozen assets will avoid further irreparable harm to plaintiff and protect the equitable rights of other victims of the defendants' scams.  The victims of these scams are the plaintiffs in prior cases, current cases, and future cases.  The victims are also the consumers who were ripped off by the defendants.  To make these victims whole, a constructive trust should be imposed over the funds frozen and a custodian or receiver appointed to determine the rightful claimants to those funds and pay those funds over to the victims of the 64 Defendants' online scams." (Motion, p. 4.)

Plaintiff does not explain how it would have standing to pursue a separate constructive trust for the benefit of third parties, or how the Court would be authorized to pre-emptively freeze more than $21 million in assets of Certain Defendants for the benefit of unspecified third parties

8

in non-existent lawsuits.  Further, Certain Defendants strenuously deny whatever vague allegations of generalized wrongdoing have been asserted by Plaintiff.

The Motion should be denied because Plaintiff lacks standing to assert the rights of non-moving third parties.

### IV.     A Constructive Trust Cannot Be Imposed on General Assets.

It is well-established that a constructive trust cannot be imposed on general assets.  *See, e.g., Bender*, 51 F.3d at 1030 ("A constructive trust cannot be imposed on general assets."). Plaintiff has done no more than identify general assets of Certain Defendants.  To be subject to a constructive trust, the "specific property must be the subject of the inequitable transaction."  *Id*. Accordingly, generalized allegations of wrongdoing are insufficient to support a constructive trust. Plaintiff has done no more than assert – without any evidence – that all of Certain Defendants' revenues are ill-gotten.  There is *no evidence* for this assertion.  Plaintiff tries to point to 33 other lawsuits, but those lawsuits were *not against Certain Defendants*.  *See* Motion, DE 140, p. 7 ("The 64 Defendants were found by plaintiff's investigation to be violating the same rights asserted by plaintiffs in 33 other pending and prior online counterfeiting cases.  Whether or not the 64 Defendants were also defendants in those cases is unclear.").  Even if the Certain Defendants were named in those lawsuits – and it does not seem that they were – that mere fact does not establish liability nor does it show that over $21 million in assets are ill-gotten.  Accordingly, Plaintiff's assertions about other lawsuits should be given no weight.

Certain Defendants have submitted credible documentary evidence that they only sold about $42,000 of relevant products (DE 121 and supporting exhibits), which means that more than

$21,000,000 here is from *other sales* or other sources of revenue. Plaintiff has presented no evidence to show that these revenues of more than $21,000,000 are anything other than general assets of the Certain Defendants.

### V. Plaintiff is Not Entitled to a Receiver.

Plaintiff also seeks appointment of a receiver over the constructive trust. *See* Motion, DE 140, p. 9-10. This request should be denied. Plaintiff does not explain how it would satisfy the requirements for imposition of a receivership. To the extent Plaintiff simply asks the Court to freeze additional funds, there is no basis to appoint a receiver over those funds (and no additional assets should be frozen pursuant to this motion).

Although Plaintiff contends that the court ordered a receiver in the matter of *Absolute Activist Value Master Fund Ltd. v. Devine*, No. 2:15-cv-328-FtM-29MRM, 2016 U.S. Dist. LEXIS 52263, at *15 (M.D. Fla. Apr. 19, 2016), the court in that decision did not rule on any motion for a receiver. *See* Motion, DE 144, p. 10 ("For example, in *Absolute Activist Value Master Fund Ltd. v. Devine*, No. 2:15-cv-328-FtM-29MRM, 2016 U.S. Dist. LEXIS 52263, at *15-16 (M.D. Fla. Apr. 19, 2016), the Middle District granted the plaintiff's motion to appoint a receiver over funds frozen pursuant to the court's temporary restraining order."). It is unclear whether Plaintiff intends to refer to a different case or is simply mistaken regarding the substance of that decision.

Moreover, the *Absolute Activist* decision supports the other arguments Certain Defendants raise here in opposition to the Motion. First, in that case, the plaintiff sought a preliminary injunction, which Plaintiff does not do in this Motion. Second, the plaintiff had operative claims for RICO violations and unjust enrichment, which Plaintiff does not have here.

"[T]he appointment of a receiver is an extraordinary remedy and will not be applied unless a clear showing is made that emergency exists, in order to protect the interests of the plaintiff in the property." *Consol. Rail Corp. v. Fore R. R. Co.*, 861 F.2d 322, 326 (1st Cir. 1988) (internal citation and quotation omitted). There is no basis for the "extraordinary" appointment of a receiver, and Plaintiff has made no showing that would possibly justify that remedy here.

## CONCLUSION

For the reasons set forth above, the Motion should be denied.

Respectfully submitted,

Dated: October 31, 2023

Giuliano Law Group, P.A.

/s/ Nicole W. Giuliano
Nicole W. Giuliano, Esq.
Florida Bar No. 71067
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
Tel: (321) 754-5290 / Fax: (321) 400-1055
Primary: nicole@glgpa.com
service@glgpa.com


DGW KRAMER LLP

By: /s/ Katherine Burghardt Kramer
Katherine Burghardt Kramer, Esq.
*Pro hac vice*
DGW KRAMER LLP
One Rockefeller Plaza, 10th Fl.
Suite 1060
New York, NY 10020
T: (917) 633-6860
kkramer@dgwllp.com

11

*Attorney for Certain Defendants* Nos. 720, 743, 769, 781, 831, 870, 906, 911, 912, 918, 924, 735, 767, 778, 773, 821, 832, 907, 913, 919, 775, 916, 704, 800, 714, 847, 754, 763, 785, 702, 914, 927, 786, 817, 825, 871, 798, 877, 840, 915, 772, 880, 917, 923, 713, 839, 715, 728, 765, 803, 909, 879, 780, 818, 819, 878, 883, 822, 910, 858, 888, 922, 891, 904.