UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| BETTY'S BEST, INC.,<br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, PARTNERSHIPS,<br>AND UNINCORPORATED<br>ASSOCIATIONS IDENTIFIED ON<br>SCHEDULE "A,"<br>Defendants | Case No. 1:23-cv-22322-KMW |

## CERTAIN DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY

Defendants Nos. 720, 743, 769, 781, 831, 870, 906, 911, 912, 918, 924, 735, 767, 778, 773, 821, 832, 907, 913, 919, 775, 916, 704, 800, 714, 847, 754, 763, 785, 702, 914, 927, 786, 817, 825, 871, 798, 877, 840, 915, 772, 880, 917, 923, 713, 839, 715, 728, 765, 803, 909, 879, 780, 818, 819, 878, 883, 822, 910, 858, 888, 922, 891, 904 ("Certain Defendants"), as identified in Schedule "A" to the Complaint (DE 0011-007), by and through undersigned counsel, hereby respond in opposition to the Motion for Expedited Discovery (DE 142) (the "Motion") filed by Plaintiff Betty's Best, Inc. ("Plaintiff").

There is no basis for the vast expedited discovery sought by Plaintiff. Plaintiff is trying to circumvent the normal rules of procedure for federal litigation by seeking overbroad and

1

burdensome discovery at the very early stages of the litigation, from both Certain Defendants and numerous third parties. This Motion should be denied.

## MEMORANDUM OF LAW

The motion for expedited discovery should be denied, as set forth further below.

## SUMMARY OF EXPEDITED DISCOVERY SOUGHT

The Motion seeks discovery from or related to no less than 99 targets (PayPal, four banks, CloudFlare, 64 defendants, 24 corporate parent entities, and five individuals). A review of the proposed expedited discovery demonstrates that the requests are overbroad, unduly burdensome, and seek vast quantities of information that has no relevance to the issues in this case – and certainly no relevance to the immediate issues presented by the pending motion for preliminary injunction – and are therefore not at all suitable for expedited discovery. Although a handful of the requests seem targeted at jurisdictional discovery – and therefore perhaps relevant to Certain Defendants' pending motion to dismiss for lack of personal jurisdiction (DE 133) – Plaintiff makes *no argument* for why this proposed jurisdictional discovery is warranted or appropriate. Plaintiff contends, instead, that the expedited discovery is needed in support of *its own* pending motions, not Certain Defendants' motion. *See* Motion, p. 9, DE 142. Neither the Court nor Certain Defendants should speculate about what Plaintiff's argument for jurisdictional discovery could have been.

There are four categories of proposed expedited discovery: (1) a subpoena to PayPal Holdings, Inc.; (2) four identical subpoenas to financial institutions; (3) a subpoena to CloudFlare, Inc.; and (4) requests to produce to the Certain Defendants. All of these requests should be denied

2

as expedited discovery.[1]  A review of the proposed discovery demonstrates that this Motion must be denied.

### A. The PayPal Subpoena

The proposed subpoena to PayPal Holdings, Inc. ("PayPal") is submitted as Exhibit 1 to the Motion (DE 142-1).  The proposed subpoena seeks documents from January 1, 2020, to the present.

Counting subparts, the proposed PayPal subpoena contains 21 separate requests.  The subpoena is therefore likely to be extremely burdensome on PayPal.  The PayPal subpoena is also facially overbroad.  The subpoena seeks overbroad information about each of the 64 Certain Defendants (Requests 1(a) through 1(g)), and also about the 24 identified corporate parent companies (Requests 2(a) through 2(g)), and each of the five identified individuals related to the 64 Certain Defendants (Requests 3(a) through 3(g)).

Regarding the 64 Certain Defendants, the subpoena proposes overbroad requests, such as "Information and documents concerning consumer reports on the accounts," without limitation to any factual nexus to Plaintiff's claims and covering a nearly four-year period (January 2020 through the present).  Regarding the corporate parent entities (which are not named as defendants in this action), the subpoena is also vastly overbroad and fishing.  For example, the proposed subpoena requests "Identification of all accounts with your service owned by the entities listed," from the period of January 1, 2020, to the present, and "documents for each account owned by the

---

[1] A limited amount of the proposed discovery may be fine in the normal course.  Certain Defendants take no position on that issue and reserve all rights to challenge the scope of any discovery requests served after a Rule 26(f) conference.

entities listed" (DE 142-1, p. 9, Requests 2(a) and 2(b)).  Plaintiff has made no showing that nearly four years' worth of account information from non-parties is relevant to any issues in this dispute.

Regarding the individual persons identified, the proposed subpoena seeks identification and documents related to what may be *personal* PayPal accounts, without any restriction or limitation.  For example, the proposed subpoena seeks "Account application information and documents for each account owned by or associated with the individual listed." (DE 142-1, p. 9, Request 3(b)).  Plaintiff makes no showing of why it should be entitled to any discovery, let alone expedited discovery, of personal information from certain individuals.  Further, the subpoena seeks information about accounts "associated with" the individuals, which potentially broadens the request to include personal PayPal accounts held by family members of these individuals.

### B. The Financial Institutions Subpoenas

The proposed subpoenas to four financial institutions are submitted as Exhibit 2 to the Motion (DE 142-2).  These proposed subpoenas are also vastly overbroad, especially for expedited discovery and also for general discovery.  Plaintiff proposes to seek discovery from Citibank, JP Morgan Chase, Community Federal Savings Bank, and Wells Fargo Bank.

The proposed subpoenas seek information related to the corporate parent entities for the Certain Defendants (Requests 1(a) through 1(g)) and information related to certain individuals associated with those entities (Requests 2(a) through 2(g)).  The proposed subpoenas to financial institutions do not seek documents directly related to the 64 Certain Defendants, and therefore they only seek information related to non-parties.  The time period for the subpoena is January 1, 2020, to the present.  (DE 142-2.)

Regarding the corporate parent entities, the proposed subpoena is vastly overbroad. For example, it seeks "Account application information and documents for each account owned by the entities listed." (Request 1(b)) (emphasis added). There is no showing of why documents related to those accounts (if any exist) would have any relevance to Plaintiff's claims. Further, the proposed subpoena is clearly fishing for irrelevant but potentially prejudicial information by requesting "Information and documents concerning prior asset restraints imposed on accounts for each of the entities listed." (DE 142-2, p. 14, Request 1(e)). Plaintiff has made no showing that the corporate parent entities each have accounts at these financial institutions, nor that those accounts are in any way related to claims by Betty's Best, nor that any asset freeze has ever been imposed, nor that information related to any hypothetical asset freeze on these accounts from January 2020 onwards would have any relevance to Plaintiff's intellectual infringement claims.

Regarding the requests related to certain individuals, the proposed subpoena is even more troubling. Plaintiff seeks *personal bank account information* related to numerous individuals and perhaps their family members as well. For example, the proposed subpoena seeks "Account application information and documents for each account owned by *or associated with* the individuals listed." (DE 142-2, p. 16, Request 2(b)) (emphasis added). Thus, if one of the identified individuals opened a custodial bank account at one of these institutions for their minor child, a broad set of documents related to that account would fall within the scope of this proposed subpoena. This is patently inappropriate, both for expedited discovery and for the normal course of discovery.

5

### C. The CloudFlare Subpoena

The proposed subpoena to CloudFlare, Inc., is submitted as Exhibit 3 to the Motion (DE 142-3).  In the Motion, Plaintiff contends that "The 64 Defendants use the service Cloudflare to obscure and make private the server addresses and other identifying information for their websites[.]" (DE 142, p. 7.)  The proposed subpoena seeks: "1. All subscriber data for the accounts with your service for the domain names listed on Exhibit A. 2. All DNS information showing the server host(s) for the websites at the domain names listed on Exhibit A." (DE 142-3, p. 1.)  Exhibit A to the subpoena identifies the 64 Certain Defendants.  Plaintiff gives no explanation for why this information is needed on an expedited basis.  The Certain Defendants have already appeared in this lawsuit, and it is unclear why "subscriber data" and "server host" information is needed on an expedited basis.

### D. The Requests to Produce to Certain Defendants

The proposed requests to produce to the 64 Defendants are submitted as Exhibit 4 to the Motion (DE 142-4).  The requests to produce seek documents for a nearly four-year period, from January 1, 2020, to the present.  Counting subparts, Plaintiff submits no less than *eighteen* requests to produce.  Some of the requests relate to the 64 Certain Defendants, and other requests relate to individuals associated with those Certain Defendants.

Regarding the 64 Certain Defendants, the requests are vastly overbroad and seek information with no relevance to this matter.  For example, Plaintiff requests nearly four years' worth of financial account statements.  (DE 142-4, p. 2, Request 1(a)).  This request seeks *all* account statements, not tailored to those showing any relevant sales transactions.  This is a blatant

fishing expedition that imposes enormous burden on Certain Defendants. Further, Plaintiff seeks documents that would likely be protected by confidentiality provisions, including settlement agreements with unrelated third parties. (DE 142-4, p. 2, Request 1(g)).

The proposed requests to produce also seek information related to certain individuals. The request seeks personal information, including (1) their national identification cards; and (2) their personal bank account information. There is no showing by Plaintiff why personal bank account information is needed at this stage (or ever) in this litigation.

### E. The Proposed Date Range on All Requests Is Overbroad

The proposed date range of each of the requests – January 1, 2020, to the present – is overbroad based upon the allegations and evidence submitted by Plaintiff. Plaintiff claims elsewhere that the alleged infringement commenced in mid-2021. For example, in the Declaration of Sunday Jacobs (DE 130-2) in support of the motion for preliminary injunction, Ms. Jacobs asserts that the alleged infringement commenced in or about August 2021. *See* DE 130-2, ¶ 16 ("However, starting in mid-2021, Betty's Best's resurgence and growth as a business was interrupted again by the 64 Defendants' illegal scheme."); and ¶ 17 ("In August of 2021, Betty's Best's employees discovered the counterfeiting of its intellectual property in advertising on Facebook with links to Chinese scam websites selling counterfeit versions of its products.").

Thus, based on Plaintiff's own allegations (and Certain Defendants deny any substantive allegations of infringement or counterfeiting), the relevant date range should be no earlier than mid-2021. The inclusion of an additional 18-month period (January 2020 to July 2021) increases the burden on Certain Defendants and third parties with no apparent relevance.

### F. Plaintiff Does Not Explain Why Jurisdictional Discovery is Warranted

The proposed requests to produce also include requests seemingly targeted at addressing Certain Defendants' personal jurisdiction arguments. *See* DE 142-4, p. 5, Requests 3 through 8. The inclusion of these requests confirms Certain Defendants' contention that Plaintiff has made an insufficient showing in its complaint of jurisdiction in Florida and that the Court *lacks personal jurisdiction* over them. Plaintiff is now fishing for any connection it can find between Certain Defendants and this jurisdiction. The requests are vastly overbroad and burdensome. Plaintiff seeks documents from nearly a four-year period from 64 defendants, regarding all orders and communications that are even tenuously connected with Florida. Plaintiff is not asserting general jurisdiction over Certain Defendants in Florida, and Plaintiff has not explained why this information would be relevant to a showing of specific jurisdiction.

The information sought here is not probative to the question of personal jurisdiction. Certain Defendants have submitted sufficient and credible information to show that they are not subject to personal jurisdiction in Florida. Plaintiff makes no showing of why sales information of unrelated products in, for example, January 2020 would have any relevance to the Court's determination of specific personal jurisdiction. The requests are simply burdensome and fishing.

Plaintiff should be required to explain why these requests are relevant before the Court orders any jurisdictional discovery. Notably, Plaintiff makes no particularized argument for jurisdictional discovery in its Motion. Neither the Court nor Certain Defendants should attempt to guess at what arguments Plaintiff could have made in support of jurisdictional discovery.

## ARGUMENT

Plaintiff contends that this vast and expedited discovery is warranted in support of its pending motions. *See* Motion, p. 9, DE 142 ("This information is needed in order to pursue the pending preliminary injunction motion and the other pending motions listed above.").[2] However, Plaintiff fails to explain with any degree of specificity how the expansive proposed discovery would be used for any of the pending motions, beyond a burdensome fishing expedition that will drive up litigation costs for Certain Defendants.

Plaintiff's five pending motions are: (1) this Motion for expedited discovery (DE 142); (2) a motion for a constructive trust and receivership (DE 140); (3) a motion to amend and file a second amended complaint (DE 120); (4) a motion to sever Certain Defendants (DE 144); and (5) a motion for preliminary injunction (DE 17), with a likely further evidentiary hearing on November 13, 2023. The parties had an initial argument before the Magistrate Judge on the motion for preliminary injunction on October 18, 2023.

Plaintiff has the burden of demonstrating good cause for expedited discovery. *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 23-cv-20308, 2023 U.S. Dist. LEXIS 35964, at *3 (S.D. Fla. Mar. 3, 2023) ("The burden of establishing good cause is on the party seeking the expedited discovery."). "A district court has the discretion to order expedited discovery if the party seeking

---

[2] Although Plaintiff includes some requests that resemble jurisdictional discovery, Plaintiff does not identify Certain Defendants' motion to dismiss as one of the pending motions for which it seeks this expedited discovery, nor does Plaintiff explain the basis for jurisdictional discovery. *See* Motion, DE 142, p. 2-3.

9

it establishes 'good cause' for such discovery." *Mineola Holdings, Inc. v. Stoney Brook Fin. P'ship Ltd.*, No. 6:20-cv-2081-Orl-78LRH, 2020 U.S. Dist. LEXIS 257482, 2020 WL 10357241, at *1 (M.D. Fla. Dec. 8, 2020). "Factors the Court considers in deciding whether a party has shown good cause include: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made." *Max'is Creations, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CIV-22920-BLOOM/OTAZO-REYES, 2021 U.S. Dist. LEXIS 169768, 2021 WL 4077957, at *1 (S.D. Fla. Sept. 7, 2021) (citing *St. Jude Med. S.C., Inc. v. Biosense Webster Inc.*, No. 6:13-cv-333-Orl-28, 2013 U.S. Dist. LEXIS 53071, 2013 WL 1502184, at *1 (M.D. Fla. Apr. 12, 2013)).

None of these factors support the vast expedited discovery sought by Plaintiff, and therefore the Motion should be denied.

### 1. The Mere Pendency of a Motion for Preliminary Injunction is Not Enough

First, the mere pendency of a motion for preliminary injunction is not enough. It is clear from the nature of the discovery sought, and the arguments in the Motion, that the proposed expedited discovery is *not* tied to the motion for preliminary injunction. The two remedies sought in the preliminary injunction are a prohibition on further sales, and an asset freeze. Certain Defendants have already confirmed that they ceased sales of the relevant product (without admitting to any infringement). *See* DE 121 and exhibits. Thus, the only pending issue for the preliminary injunction is the scope of the asset freeze. Plaintiff has already succeeded in freezing

more than $21 million, which vastly exceeds what the Court has acknowledged is the proper amount to be frozen here. *See* Report and Recommendation, DE 147, p. 7 (proposing reduced asset freeze of $2 million instead of $21 million). Accordingly, there is no risk of "irreparable harm" related to the preliminary injunction in the absence of expedited discovery that justifies the vastly overbroad discovery sought here.

Other courts have denied motions for expedited discovery when the requested discovery does not relate to the issues presented in the preliminary injunction motion. For example, the court in *Mitsubishi Hitachi Power Sys. Ams. v. Siemens Energy, Inc.*, No. 6:20-cv-1845-Orl-WWB-DCI, 2020 U.S. Dist. LEXIS 240294 (M.D. Fla. Nov. 6, 2020) denied a motion for expedited discovery despite a pending motion for preliminary injunction, noting that "[w]hile a motion for preliminary injunction is pending which may or may not proceed to a hearing, the undersigned is not persuaded that the discovery Plaintiff specifically requests is necessary at this juncture." *Id*. at *8. The court further explained that the plaintiff had not established a "direct connection" between the requested discovery and the motion for preliminary injunction. *See id*. at *11 ("The undersigned is also not persuaded that there is a direct connection to the request relating to Siemens' hardware and the need for that information to support the Motion for Preliminary Injunction, which is apparently the impetus for the discovery request. The undersigned finds that any remaining information is not needed on an expedited basis and Plaintiff has not met its burden of demonstrating good cause with respect to these requests."). *See also Centennial Bank v. Servisfirst Bank Inc.*, No. 8:16-cv-88-T-36JSS, 2016 U.S. Dist. LEXIS 203675, at *11 (M.D. Fla. Jan. 29, 2016) ("At bottom, it appears that the expedited discovery sought by Centennial is broad-based and largely irrelevant to

its request for a preliminary injunction. Accordingly, the Court finds that Centennial has not shown good cause for the requested expedited discovery.").

Plaintiff has made no showing of irreparable harm if the requested discovery is pursued in the normal course. In *Capriola Corp. v. Larose Indus., LLC*, No. 8:12-cv-2346-T-23TBM, 2012 U.S. Dist. LEXIS 194660, at *5 (M.D. Fla. Nov. 1, 2012), the court denied a motion for expedited discovery where plaintiffs "failed to make an adequate showing of irreparable harm in the event discovery is delayed."

### 2. The Requested Discovery is Vastly Overbroad

As set forth above in the summary of the requested discovery, the discovery requests are vastly overbroad. "[C]ourts will generally deny motions for expedited discovery when the movant's discovery requests are overly broad." *Dig. Assurance Certification, LLC v. Pendolino*, No. 6:17-cv-72-Orl-31TBS, 2017 U.S. Dist. LEXIS 25359, at *7 (M.D. Fla. Feb. 23, 2017) (citation omitted). In *Digital Assurance*, the court denied a motion for expedited discovery where plaintiff's "proposed requests for production are not narrowly tailored to the time constraints under which the parties are operating, or the specific issues to be addressed at the hearing on the motion for a temporary restraining order." *Id*. at *7-7. As addressed above, the proposed expedited discovery seeks information from January 1, 2020, to the present, but Plaintiff contends that the alleged infringement did not begin until the summer of 2021. The requests are therefore "not narrowly tailored." *See id*. (denying expedited discovery requests that "begin[] August 6, 2013 and continue[] through the present and beyond . . . [where the alleged] theft of its trade secrets and other confidential information occurred in October, 2016.").

Plaintiff also seeks authorization to issue subpoenas to numerous third parties that have not yet been given an opportunity to respond. Given the burdensome scope of the proposed subpoenas, it is likely that these third parties – including PayPal, the four banks, and CloudFare – might object to the proposed subpoenas on the basis of undue burden or other grounds. *See* F.R.C.P. 45(d)(3) (court must quash or modify a subpoena that "fails to allow a reasonable time to comply," "requires a person to comply beyond the geographical limits specified in Rule 45(c)," "requires the disclosure of privileged or other protected matter," or "subjects a person to undue burden."). To the extent Plaintiff seeks production from third parties *prior to* the likely preliminary injunction hearing on November 13, 2023, this would not be a "reasonable time to comply," and there is no need for expedited discovery.

**3. The Reasons Proffered by Plaintiff, and Revealed by the Papers, Do Not Justify Expedited Discovery**

The "reasons for requesting expedited discovery" do not support the vastly overbroad discovery sought by Plaintiff. *See, e.g., Max'is Creations*, 2021 U.S. Dist. LEXIS 169768, at *3-4 (in addressing motion for expedited discovery, the court must consider "the reason(s) for requesting expedited discovery").

Plaintiff offers limited explanation of the reason for expedited discovery, and Plaintiff gives no explanation of how the requested discovery relates to the pending motion for preliminary injunction. Where a plaintiff fails to "connect the dots" between the requested discovery and the purported urgency for expedited discovery, the motion should be denied. *See Mineola Holdings*, 2020 U.S. Dist. LEXIS 257482, at *4-5 ("[A]s to the third factor, Plaintiff's motion fails to

13

'connect the dots' regarding the reasons for the requested discovery. Specifically, although Plaintiff provides a detailed history between the players in this case, . . . Plaintiff fails to sufficiently explain how financial documents and the like from 2014 through 2019 would be relevant to Plaintiff's claims."). The same problem is fatal to Plaintiff's motion here.

The limited clues in the Motion indicate that Plaintiff seeks expedited discovery for two reasons: (1) to pursue claims of *other plaintiffs and potential plaintiffs, including other clients of Plaintiff's counsel*; and (2) to fish around in hopes of finding any shred of evidence to support its untenable claim that Certain Defendants are running a "criminal enterprise," as alleged in the proposed Second Amended Complaint, which is the subject of a pending motion to amend (DE 120). Needless to say, Certain Defendants reject any allegation of criminal behavior and will oppose the motion to amend in due course on the grounds of futility, among other issues.

Plaintiff has filed a motion to amend the complaint and, in the proposed Second Amended Complaint, Plaintiff seeks to vastly expand the nature of the claims against Certain Defendants, including by adding claims for RICO violations and various other far-fetched theories of liability. However, the *operative complaint* is the First Amended Complaint (DE 84), which does not include such claims. In *Mineola Holdings*, 2020 U.S. Dist. LEXIS 257482, at *4-5, the court denied expedited discovery where, inter alia, plaintiff failed to demonstrate that it was entitled to "discovery on fraudulent transfer claims that are not raised in the pleadings."

Certain Defendants' opposition to the motion to amend is not due until November 30, 2023, and the motion is not yet ripe for adjudication. To the extent that Plaintiff seeks discovery

14

to support its claims in the proposed Second Amended Complaint, or to support amendment of the complaint, Plaintiff gives no explanation for why that discovery cannot occur in the normal course.

It also appears that the expedited discovery may be intended to support claims of other potential plaintiffs, including other clients of Plaintiff's counsel's law firm. *See* Motion, DE 142, p. 5 ("The list filed at ECF 130-6 contains at least 33 pending and prior online counterfeiting cases . . . Of the 33 other cases identified to date, counsel for Betty's Best was counsel for plaintiff in two on behalf of Frugality, Inc. both of which are cases filed in this district."). Plaintiff refers repeatedly to these other lawsuits in its Motion and seems to rely on them as a basis for expedited discovery. *See* Motion, DE 142, p. 8 (alleging that Certain Defendants "violate the rights not only of plaintiff but also of many other intellectual property owners"). At least some of the overbroad discovery sought here seems aimed at supporting potential litigation claims of other plaintiffs. For example, in the proposed requests to produce to Certain Defendants (DE 142-4), Plaintiff seeks "[f]inancial account statements for accounts used to receive or transfer receipts from sales on the websites listed on Schedule A of the complaint in this case." (Request 1(a).) The request seeks *nearly four years' worth of records* regarding *all sales*, not simply those related to the claims of Betty's Best. To the extent that Plaintiff is seeking voluminous sales records and financial information from Certain Defendants to help Plaintiff's counsel to develop claims of other clients, or to pursue other clients, this is an obviously improper use of expedited discovery.

4. **The Voluminous Requests Are Very Burdensome on Certain Defendants and Upon Third Parties Who Have Not Yet Been Given an Opportunity to Respond**

Even a cursory review of the dozens of proposed requests demonstrates that a response will be burdensome, on the Certain Defendants and also on third parties. As noted above, the six third-party subpoena targets are likely to have Rule 45 objections to the scope and burden of the proposed subpoenas. In addition, Plaintiff proposes eighteen separate requests to produce to the Certain Defendants, covering a nearly four-year period.

To the extent Plaintiff seeks discovery responses prior to the hearing on the motion for preliminary injunction, this is an untenable burden. The Magistrate Judge has proposed setting a hearing on the motion for preliminary injunction on November 13, 2023, which is approximately two weeks away. Under such circumstances, expedited discovery should be denied. *See Digital Assurance*, 2017 U.S. Dist. LEXIS 25359, at *11 ("The burden of complying with DAC's proposed discovery, particularly the requests for production, is great, and the requested discovery is sought with little time remaining before the hearing on the motion for temporary restraining order.") (denying motion for expedited discovery).

5. **Plaintiff Has Not Requested a Rule 26(f) Conference, and a Limited Amount of the Discovery Sought May be Obtainable in the Normal Course**

Plaintiff has not yet requested a Rule 26(f) conference, and under the rules, such a conference could have been requested. Plaintiff fails to explain why it has not simply proceeded with the normal discovery process by requesting a Rule 26(f) conference and then serving requests and subpoenas after the conference. *See* F.R.C.P. 26(f)(1) ("Except in a proceeding exempted

16

from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."). *See also* Rule 16(b) ("The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."). Certain Defendants first appeared through counsel in this matter on September 19, 2023 (DE 38).

Accordingly, Plaintiff should not be entitled to expedited discovery when it could have proceeded under the normal course by requesting a Rule 26(f) conference and then serving requests to produce and third-party subpoenas. In *BDC Advisors, LLC v. Sears*, No. 22-61661-CIV-ALTMAN/HUNT, 2022 U.S. Dist. LEXIS 240530, at *8 (S.D. Fla. Oct. 7, 2022), the court denied a motion for expedited discovery on the grounds that, inter alia, the defendant did not oppose a prompt Rule 26(f) conference. *See id*. ("it seems that Defendants did not oppose conducting a prompt Rule 26(f) conference."). Plaintiff has not requested a Rule 26(f) conference, and Certain Defendants would not have opposed a timely Rule 26(f) conference if one had been proposed.

6. **Plaintiff Has Not Specifically Requested Jurisdictional Discovery**

Some of Plaintiff's proposed requests to produce to Certain Defendants (DE 142-4) appear to be aimed at jurisdictional discovery. In their pending motion to dismiss, Certain Defendants contend that this Court lacks personal jurisdiction over them because neither Certain Defendants nor Plaintiff have any ties to Florida. *See* Motion to dismiss, DE 133, p. 6 ("Plaintiff cannot establish personal jurisdiction.").

17

In the Motion, Plaintiff makes no argument for jurisdictional discovery. The Court should not endeavor to come up with arguments that Plaintiff did not present. While jurisdictional discovery could, in theory, be sought in response to a motion to dismiss for lack of jurisdiction, Plaintiff has not met its burden of explaining why jurisdictional discovery is warranted or how the proposed requests would be relevant to adjudicating personal jurisdiction. Moreover, to the extent Plaintiff seeks jurisdictional discovery, this is an implicit acknowledgement of the merits of Certain Defendants' motion to dismiss for lack of personal jurisdiction and admission that Plaintiff has not adequately alleged personal jurisdiction over Certain Defendants in Florida, and the Court should take this into account when adjudicating the motion to dismiss.

## CONCLUSION

The motion for expedited discovery should be denied in its entirety. Plaintiff has not demonstrated expedited entitlement to the vastly overbroad and burdensome requests it proposes.

Respectfully submitted,

Dated: October 31, 2023

Giuliano Law Group, P.A.

/s/ Nicole W. Giuliano
Nicole W. Giuliano, Esq.
Florida Bar No. 71067
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
Tel: (321) 754-5290 / Fax: (321) 400-1055
Primary: nicole@glgpa.com
service@glgpa.com

DGW KRAMER LLP

By: /s/ Katherine Burghardt Kramer
　　Katherine Burghardt Kramer, Esq.
　　*Pro hac vice*
　　DGW KRAMER LLP
　　One Rockefeller Plaza, 10th Fl.
　　Suite 1060
　　New York, NY 10020
　　T: (917) 633-6860
　　kkramer@dgwllp.com

　　*Attorney for Certain Defendants* Nos. 720, 743, 769, 781, 831, 870, 906, 911, 912, 918, 924, 735, 767, 778, 773, 821, 832, 907, 913, 919, 775, 916, 704, 800, 714, 847, 754, 763, 785, 702, 914, 927, 786, 817, 825, 871, 798, 877, 840, 915, 772, 880, 917, 923, 713, 839, 715, 728, 765, 803, 909, 879, 780, 818, 819, 878, 883, 822, 910, 858, 888, 922, 891, 904.