UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| BETTY'S BEST, INC., <br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br> Defendants | Case No. 1:23-cv-22322-KMW |

**CERTAIN DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO SEVER**

Defendants Nos. 720, 743, 769, 781, 831, 870, 906, 911, 912, 918, 924, 735, 767, 778, 773, 821, 832, 907, 913, 919, 775, 916, 704, 800, 714, 847, 754, 763, 785, 702, 914, 927, 786, 817, 825, 871, 798, 877, 840, 915, 772, 880, 917, 923, 713, 839, 715, 728, 765, 803, 909, 879, 780, 818, 819, 878, 883, 822, 910, 858, 888, 922, 891, 904 ("Certain Defendants"), as identified in Schedule "A" to the Complaint (DE 0011-007), by and through undersigned counsel, hereby respond in opposition to the Motion to Sever (DE 144) (the "Motion") filed by Plaintiff Betty's Best, Inc. ("Plaintiff").

Plaintiff seeks to do three things with the Motion, only one of which is potentially permissible under a Rule 21 motion to sever. First, Plaintiff seeks to amend its claims against

1

Certain Defendants. This is unacceptable under the guise of severance and it is a violation of Rule 15(a). Second, Plaintiff seeks to substitute parties. This is unacceptable under the guise of severance and it is also a violation of Rule 15(a). Third, Plaintiff seeks to move Certain Defendants into a separate action. This is permissible under Rule 21 but still unwarranted. Because the Motion seeks to do *much more* than simply sever the Certain Defendants, and because the severance is not warranted, it must be denied. Further, the Court should impose sanctions on Plaintiff because Plaintiff obscured the true potential effect of its motion by failing to inform the Court that it was seeking to dramatically amend the complaint and substitute parties under the guise of a simple procedural motion.

## MEMORANDUM OF LAW

Plaintiff relies on F.R.C.P. 21 to justify severing Certain Defendants into a new action. Rule 21 states: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

Plaintiff cites *Malibu Media, LLC v. Doe*, 295 F.R.D. 527, 533 (M.D. Fla. 2012) in support of its motion. As set forth in that case, "[a] district court has broad discretion when deciding whether to sever claims under Rule 21 and may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness." *Id*. In *Malibu Media*, the court severed 28 "John Doe" defendants into separate dockets. *Id*. at 535-36.

Plaintiff does not justify severance here. First, Plaintiff chose to proceed by joining more than 1,000 defendants into a single lawsuit (and thereby avoid paying separate filing fees for each

2

action). In the operative First Amended Complaint, Plaintiff alleges that "[j]oinder of the multiple Defendants listed in Schedule 'A' attached hereto serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Plaintiffs, Defendants, and this Court. Joinder of the multiple Defendants listed in Schedule 'A' attached hereto will not create any unnecessary delay nor will it prejudice any party. **On the other hand, severance is likely to cause delays and prejudice Plaintiff and Defendants alike**." (Emphasis added) (Amended Complaint, DE 84, ¶ 84-85.)

Second, there are numerous pending motions[1], which would make severance administratively impossible at this time because it could lead to inconsistent outcomes on the same pending motions if the pending motions were to remain on both dockets, or due process concerns if the pending motions were to move to only one docket. All pending motions therefore need to be resolved before any severance would be possible.

Third, the case is still in its early stages. Although other defendants have not yet appeared, it is possible that other defendants will retain counsel and appear in the case. As noted in other papers, Certain Defendants have concerns about the validity and efficacy of service in this matter, and it is possible that other defendants are just starting to learn of this litigation. The docket reflects recent voluntary dismissals of certain defendants, which may reflect settlement agreements with defendants who retained counsel but did not appear. *See, e.g.*, DE 149. Accessing the U.S. legal

---

[1] These include Plaintiff's motion for preliminary injunction (DE 17); Plaintiff's motion to amend (DE 120); Certain Defendants' motion to dismiss (DE 133); Certain Defendants' motion to strike (DE 138); Plaintiff's motion for an order imposing a constructive trust and appoint a receiver (DE 140); and Plaintiff's motion for leave to conduct expedited discovery (DE 142).

system from overseas can be difficult. If other defendants appear in the suit, there is a risk of inconsistent outcomes on the same legal issues – e.g., the validity of Plaintiff's design patent. *See* Amended Complaint, DE 84, ¶ 79 (Plaintiff alleges that joinder is warranted because "Plaintiff asserts rights to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action.").

The only explanation Plaintiff gives for the need to sever the parties into two actions is that it intends to seek default judgments against other defendants. However, Plaintiff gives no explanation for why it could not request leave to obtain default judgments against the non-appearing defendants within this action.

For these reasons, severing Certain Defendants into a separate docket would not promote judicial economy, fundamental fairness, or case management, and there is a risk of prejudice to Certain Defendants if the severance leads to inconsistent outcomes.

**More troubling, the Motion must be denied because it is wolf in sheep's clothing and a violation of the Federal Rules of Civil Procedure.** The proposed severed complaint (DE 144-1) is an attempted serious amendment to the operative complaint, sought without leave of this Court in violation of Rule 15(a). Plaintiff attempts to obtain extraordinary relief without even telling the Court what it is trying to do. First, the proposed severed complaint includes defendant parties who *are not named in the current lawsuit*. Rule 21 allows the severance of claims against an existing party. Rule 21 could perhaps also be used to add a party, but Plaintiff does not make that argument in its motion, nor does Plaintiff explain why different defendants are named in the

4

caption of its proposed severed complaint.  Second, the proposed severed complaint includes *numerous claims that are not stated in the current lawsuit,* including claims for violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") and serious (and unsubstantiated) allegations of criminal activity by Certain Defendants.  It is therefore, in reality, a motion to amend and to substitute parties, but Plaintiff has presented no arguments for substitution or amendment of claims.  Plaintiff cannot use the simple procedural tool of Rule 21 to amend the complaint and substitute parties, and Plaintiff certainly cannot mislead the Court regarding the purpose and effect of its motion.

Plaintiff has already filed a separate motion for leave to amend (DE 120), seeking to amend to add the same RICO claims and other claims it has incorporated into the proposed severed complaint.  That motion remains pending, with Certain Defendants' responses due on November 30, 2023.  Certain Defendants intend the oppose the motion to amend on numerous grounds, including futility under a Rule 12(b)(6) standard.  Plaintiff's allegations in the proposed second amended complaint are outlandish and utterly without factual basis, including completely unsubstantiated allegations that Certain Defendants are operating a criminal enterprise.  In that motion to amend, Plaintiff acknowledged that leave of the court is *required* to amend at this stage of the proceedings.  *See* DE 120, p. 7 ("In the present matter, leave to amend should be granted[.]").  Plaintiff is correct there – amendment can only be granted with leave of this Court, and Certain Defendants must be given an opportunity to oppose that motion.  Instead, Plaintiff now seeks to violate the Rules of Civil Procedure by sneaking a very serious amendment of its claims into a bare-bones motion to sever under Rule 21, without telling the Court what it is trying to do.

To the extent the Court grants the motion to sever, the *only* remedy available is to split the 64 Certain Defendants, as identified with their defendant numbers, into a separate action, with the same operative complaint as the current action – and only after the various pending motions are resolved. However, Certain Defendants still oppose that severance because of the risk of inconsistent outcomes, to the extent other defendants in this action may still appear and contest the claims asserted by Plaintiff, and the overall lack of justification for severance asserted by Plaintiff. If the Plaintiff seeks to amend the claims against Certain Defendants or add new parties, those requests must be made by an appropriate motion.

Notably, the pending motion to amend (DE 120) does not seek to substitute or add defendants. The proposed "severed" complaint is therefore even more egregious, because it seeks a further change that has not been presented at all to the Court.

Certain Defendants request the imposition of sanctions against Plaintiff for its wrongful attempt to mislead the Court regarding the nature of its Motion. While Plaintiff characterizes this as a simple, administrative severance, Plaintiff *actually* seeks to amend the complaint with the addition of serious new claims and with new defendant parties, without seeking approval of the Court to do so or even disclosing its intentions to the Court. At this stage in the proceedings, Plaintiff may *only* amend with leave of the Court or defendants' permission, neither of which was granted here. *See* F.R.C.P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."). Plaintiff already amended its complaint once as a matter of course, *see* F.R.C.P. 15(a)(1), on September 24, 2023 (DE 84), and Certain Defendants responded to that complaint by filing a motion to dismiss on October 16, 2023

6

(DE 133). That motion to dismiss remains pending and raises threshold issues, including lack of personal jurisdiction and improper service of process. Plaintiff filed this wolf-in-sheep's-clothing motion to sever on October 17, 2023 (DE 144). This Motion constitutes attempted abuse of the judicial system and violation of the Federal Rules of Civil Procedure, and should not pass by without comment from the Court.

## CONCLUSION

Plaintiff's Motion to Sever (DE 144) should be denied, and Plaintiff should be sanctioned by the Court for attempting to amend claims and substitute parties without seeking leave of this Court and without notifying the Court of the intended serious effect of its motion.

Respectfully submitted,

Dated: October 31, 2023

Giuliano Law Group, P.A.

/s/ Nicole W. Giuliano
Nicole W. Giuliano, Esq.
Florida Bar No. 71067
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
Tel: (321) 754-5290 / Fax: (321) 400-1055
Primary: nicole@glgpa.com
service@glgpa.com


DGW KRAMER LLP

By: /s/ Katherine Burghardt Kramer
    Katherine Burghardt Kramer, Esq.
    *Pro hac vice*
    DGW KRAMER LLP

One Rockefeller Plaza, 10th Fl.
Suite 1060
New York, NY 10020
T: (917) 633-6860
kkramer@dgwllp.com

*Attorney for Certain Defendants* Nos. 720, 743, 769, 781, 831, 870, 906, 911, 912, 918, 924, 735, 767, 778, 773, 821, 832, 907, 913, 919, 775, 916, 704, 800, 714, 847, 754, 763, 785, 702, 914, 927, 786, 817, 825, 871, 798, 877, 840, 915, 772, 880, 917, 923, 713, 839, 715, 728, 765, 803, 909, 879, 780, 818, 819, 878, 883, 822, 910, 858, 888, 922, 891, 904.