**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.: 1:23-CV-22322-KMW**

BETTY'S BEST, INC.,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE 'A',

      Defendants.

_____

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT
EXPEDITED DISCOVERY AS TO THE 64 DEFENDANTS**

This matter is before the Court on Plaintiff Betty's Best, Inc.'s Motion For Leave to Conduct Expedited Discovery (the "Motion") as to the following Defendants identified on Schedule "A" as 720, 743, 769, 781, 831, 870, 906, 911, 912, 918, 924, 735, 767, 778, 773, 821, 832, 907, 913, 919, 775, 916, 704, 800, 714, 847, 754, 763, 785, 702, 914, 927, 786, 817, 825, 871, 798, 877, 840, 915, 772, 880, 917, 923, 713, 839, 715, 728, 765, 803, 909, 879, 780, 818, 819, 878, 883, 822, 910, 858, 888, 922, 891, 904 (the "64 Defendants"). [ECF No. 142]. The Court has carefully reviewed the Motion, the Response [ECF No. 168], the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is **DENIED**.

**BACKGROUND**

Betty's Best is the maker of the StripHair Gentle Groomer, a therapeutic brush for horses and dogs, for which they own the trademark, copyrights, and design patents. Plaintiff has sued the

64 Defendants that are the subject of this Order for allegedly infringing its design patent rights to its product, its trademarks, and its copyrighted photos. [ECF No. 84].

## DISCUSSION

"The Federal Rules of Civil Procedure provide that discovery may commence before the parties have engaged in a discovery conference, if ordered by the court." *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014) (citing Fed. R. Civ. P. 26(d), (f)). Moreover, "[c]ontrol of discovery is committed to the sound discretion of the trial court[.]" *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987) (citations omitted). "A district court has the discretion to order expedited discovery if the party seeking it establishes 'good cause' for such discovery." *Mineola Holdings, Inc. v. Stoney Brook Fin. P'ship Ltd.*, No. 6:20-cv-2081-Orl-78LRH, 2020 WL 10357241, at *1 (M.D. Fla. Dec. 8, 2020) (quoting *Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-cv-88-T-36JSS, 2016 WL 7376655, at *2 (M.D. Fla. Jan. 29, 2016)). "Good cause can be shown by establishing some impelling urgency which necessitates action forthwith and excuses giving notice to the other party." *Ghaffari v. Collins Tower Ass'n*, No. 13-21037-CIV, 2013 WL 12141254, at *1 (S.D. Fla. June 18, 2013); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.").

> Factors the Court considers in deciding whether a party has shown good cause include: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made.
>
> *St. Jude Med. S.C., Inc. v. Biosense Webster Inc.*, No. 6:13-cv-333-Orl-28, 2013 WL

1502184, at *1 (M.D. Fla. Apr. 12, 2013) (citation omitted).

Here, the Court finds that good cause to grant Plaintiff's request to seek limited expedited discovery is lacking. As an initial matter, the request is overbroad, as it asks for discovery beyond the relevant date range provided in Plaintiff's Declaration. [ECF No. 130-2]. But even a narrower scope of expedited discovery would be inappropriate. Expedited discovery is not automatically granted merely because the party seeks a preliminary injunction, and Plaintiff has not limited its discovery requests to information necessary to "preserve the status quo" as it must. *See, e.g.*, *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 7 (D.D.C. 2006) ("Surely, plaintiffs are not seeking expedited discovery to gain evidence to get the court to preserve the status quo. They want to gather all the evidence they would need to radically transform the status quo, on an expedited basis. But, that is not the purpose of a preliminary injunction, nor of the limited discovery that the courts traditionally permit a plaintiff to have to secure it."); *Dimension Data N. Am. v. NetStar–1, Inc.*, 226 F.R.D. 528, 532 (E.D.N.C. 2005) (denying request for expedited discovery in part because "the discovery requested is not narrowly tailored to obtain information relevant to a preliminary injunction determination" and because "plaintiff has not made an adequate showing that it will be irreparably harmed by delaying the broad based discovery requested until after the initial conference between the parties pursuant to Rule 26"). Instead, Plaintiff has admitted that it seeks to obtain information related to the allegations in its proposed Second Amended Complaint, which is not the operative Complaint. [ECF No. 120].

Furthermore, Plaintiff could have sought to accelerate the discovery process to obtain information regarding Defendants' "domicile or other information relevant to a court's ability to exercise personal or subject-matter jurisdiction," but it failed to do so. *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021) (quoting *Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520, 521

(E.D. Wis. 2007); *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004)). Moreover, the requests on Defendants are burdensome, as they seek a wide scope of discovery in the midst of preparations for the hearing on the Motion for Preliminary Injunction set for November 13, 2023. The hearing will cover issues raised by Defendants, including but not limited to personal jurisdiction and service of process. As has been established, Plaintiff seeks to expedite discovery for other reasons, which fail to meet the "good cause" standard. *Centennial Bank*, 2016 WL 7376655, at *2.

Finally, Plaintiff failed to state when the expedited discovery it intends to serve would be due. Neither the memorandum of law nor the subpoenas themselves state a date and time for the production of documents.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's Motion for Leave to Conduct Expedited Discovery [ECF No. 142] is **DENIED**.

**SIGNED** this 3rd day of November, 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

**cc: United States District Judge Kathleen M. Williams;**

**Counsel of Record**