UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-CV-22322-KMW

BETTY'S BEST, INC.,

       Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE 'A',

       Defendants.

**PLAINTIFF'S REPLY MEMORANDUM OF LAW TO THE 64 DEFENDANTS' OPPOSITION (ECF 169) TO MOTION TO SEVER**

Courts have broad discretion in determining whether to sever under F.R.C.P. 21. *See Estate of Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1368 (11th Cir. 2010) ("The district court plainly had sound administrative reasons to try to simplify a case that was becoming increasingly unmanageable"). The 64 Defendants' arguments against severance of the claims against them simply make no sense in light of developments in this case and Plaintiff's pending motion for leave to file the Second Amended Complaint (DE 120).

    **A. Severance will not cause delay, is administratively possible, and will not prejudice other Defendants**

The 64 Defendants cite Plaintiff's First Amended Complaint which states that severance is "likely to cause delays and prejudice Plaintiff and Defendants alike." (Opposition at 3; DE 84 ¶ 81). Clearly this was before Plaintiff's Motion to Sever, which explains that the additional claims, which include trafficking in counterfeit goods and counterfeit labels (18 U.S.C. § 2320), criminal copyright infringement (17 U.S.C. § 506), wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341), and interstate money laundering (18 U.S.C. § 1956) through a pattern of

1

racketeering activity, are asserted only against the 64 Defendants. (DE 144 at 5). As explained in Plaintiff's Motion, severance is therefore warranted.

The 64 Defendants claim severance is "administratively impossible at this time because it could lead to inconsistent outcomes on the same pending motions," and "[a]ll pending motions therefore need to be resolved before any severance would be possible." (DE 169 at 3). Despite these generalized statements, district courts have often found severance appropriate where motions were still outstanding. *See Lewis v. Abbott Labs., Inc.*, No. 6:19-cv-909-Orl-31LRH, 2020 U.S. Dist. LEXIS 25698, at *30 (M.D. Fla. Feb. 5, 2020) *Affmd and adopted* (*Lewis v. Abbott Labs., Inc.*, No. 6:19-cv-909-Orl-31LRH, 2020 U.S. Dist. LEXIS 35342 (M.D. Fla. Mar. 2, 2020) (recommending severance of defendant and claims against it even with motions to dismiss pending); *Broad. Music, Inc. v. N. Lights, Inc.*, 555 F. Supp. 2d 328, 331 (N.D.N.Y. 2008) (severing one defendant due to its bankruptcy, while motion for default judgment against a third defendant was still pending); *Symantec Corp. v. Logical Plus, Inc.*, No. C 06-7963 SI, 2009 U.S. Dist. LEXIS 86340, at *3-4 (N.D. Cal. Sep. 8, 2009) (severing defendant and deeming motion for summary judgment against other defendants as refiled).

This Court is also able to resolve pending motions in its ruling on severance. *See Clay v. AIG Aero. Ins. Servs.*, 61 F. Supp. 3d 1255, 1272 (ruling simultaneously on the issues of severance and transfer). The 64 Defendants present no support for their arguments that severance will cause delay in this matter, and they underestimate the Court's ability to manage the severance of the 64 Defendants from this action.

Since the 64 Defendants' appearance in this case, Plaintiff has uncovered multiple connections between them, corroborating the fact that the 64 Defendants are working together, which Plaintiff highlights in its Motion. This prompted Plaintiff's motion to amend its Complaint for a second time (DE 120), now alleging a different set of claims against the 64 Defendants versus the remaining defendants. Here, rather than prejudice the parties and cause confusion with respect to the liability of each defendant, severance will actually "alleviate the likely confusion that a jury would encounter in deciding issues of liability for each of the Defendants." *Badillo v. Playboy Entm't Grp., Inc.*, No. 8:04-cv-591-T-30TBM, 2005 U.S. Dist. LEXIS 55596, at *3-4 (M.D. Fla. Feb. 17, 2005) (granting Plaintiff's motion to sever). For this reason alone, severance is warranted.

2

Furthermore, the Defendants argue that the possible appearance of other defendants in this case combined with the severance would somehow result in a risk of inconsistent outcomes on the same legal issues. (DE 19 at 4). This assertion ignores the fact that by severing the claims against the 64 Defendants – which are unique to the 64 Defendants – there is actually a reduced risk of confusion and inconsistent outcomes because the remaining defendants will not be under pressure to defend against claims that Plaintiff is not asserting against them. Though the legal issues may overlap between the two cases, the defendants will no doubt engage in fact specific inquiries and defenses.

### B. The Motion to Sever is Proper

The 64 Defendants make much ado about Plaintiff's Motion being a "wolf in sheep's clothing." The 64 Defendants insist Plaintiff's motion is an attempt to substitute or add defendants. (DE 169 at 6). This is untrue.

Plaintiff's complaint lists unknown defendants listed on Schedule A, identified by the seller IDs, website or URL addresses used to sell infringing goods. (See DE 84). A seller ID, website, or URL address is not a defendant. It is but a defendant's instrumentality. It is not a person or a legal entity, and is therefore incapable of being sued. *See Wine & Canvas Dev., LLC v. Weisser*, 886 F. Supp. 2d 930, 942 (S.D. Ind. 2012) ("[A] website alone is not an entity capable of being sued."); *Banks.com, Inc. v. Keery*, No. C 09-06039 WHA, 2010 U.S. Dist. LEXIS 17850, 2010 WL 1688612, at *4 (N.D. Cal. Mar. 1, 2010) (finding a "website, in and of itself, is not an entity capable of being sued"); *Shell v. Ohio Family Rights*, No. 15-cv-1757, 2016 U.S. Dist. LEXIS 37274, at *2 (N.D. Ohio Mar. 22, 2016) (webpages and Facebook pages "are not entities that can sue or be sued, and therefore cannot grant relief to Plaintiff").

The 64 Defendants have appeared in this case **and identified themselves**. See Certificates of Disclosure filed at DE 91-107, 109-115, 117, 121. They are in fact twenty-four (24) corporate parent entities: Larryhot Trading Co., Mind E-Commerce Co., Limited, Giske Network Technology Co., Limited, Suzhou Chenghe Network Technology Co., Ltd., Vedo Trading Co., Limited, Suzhou Ruoxing Network Technology Co., Ltd., Shenzhen Jiayi E-Commerce Co., Ltd., Vanice Technology Col, Limited, Starcraft Network Limited, Sonzea Trading Co., Limited, Dongguan Hengjia E-Commerce Co., Ltd., Nanchang Huiyun Linghai Technology Co., Ltd., Banbain Trade Co., Limited, Hudsow Technology Co., Limited, Ayor

3

Technology Co., Limited, Amgo Technology Co., Limited, Elay E-Commerce Co., Limited, Danceage Network Limited, Zero-Miracle Network Limited, Shenzhen Jijing Network Technology Co., Ltd., Nanchang Huimeng Network Technology Co., Ltd., Nanchang Sikerui Technology Co., Ltd., Nanchang Laifei Technology Co., Ltd., and Wuhan Quanda Network Technology Co., Ltd.

These twenty-four companies are the parent companies for the seller IDs and URLs listed as defendants on Schedule A. They are the actual defendants. These are the same twenty-four defendants in Plaintiff's proposed severed Complaint filed with its Motion (DE 144-1). The claims are the same as in the proposed Second Amended Complaint (DE 120-1) filed with Plaintiff's Motion to Amend the Complaint that is currently pending before this Court. (DE 120).

The 64 Defendants claim Plaintiff's motion is really a motion to amend and to substitute parties, and is misleading the Court regarding the purpose and effect of its motion. (DE 169 at 5). Except that Plaintiff already requested leave of the Court for its Second Amended Complaint, which has been pending before the Court since October 4, 2023. Plaintiff believes, as should the 64 Defendants, that the Court is managing its docket and will rule on all pending motions when appropriate.

Furthermore, there is no party being substituted here. The 64 Defendants, whose identities were previously unknown, have now identified themselves on the record. Plaintiff is referring to them by their names. The 64 Defendants' suggestion that Plaintiff file a motion to add parties under Rule 21 is therefore procedurally incorrect.

### C. Conclusion

The 64 Defendants have provided no valid arguments or legal authority to support their opposition. This Court should grant Plaintiff's Motion to Sever.

DATED: November 8, 2023  Respectfully submitted,

*/s/ Angela M. Nieves*
JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number:  1032760

angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Betty's Best, Inc.*