**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.: 1:23-cv-22322-KMW**

BETTY'S BEST, INC.

        Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

        Defendants.

**PLAINTIFF'S REPLY TO THE 64 DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR CONSTRUCTIVE TRUST AND APPOINTING A RECEIVER**

    The 64 Defendants' opposition raises a series of arguments, a "kitchen's sink" of reasons why the Court should not impose a constructive trust. For reasons explained below, the Court should grant Plaintiff's Motion (DE 140).

    **A.  Plaintiff has met the requirements for a constructive trust under Florida Law**

    The 64 Defendants want the Court to believe that Plaintiff failed to meet its burden. It is well established under Florida law that "equity principles can create a constructive trust in property and compel its restoration, where an individual through actual fraud, abuse of confidence or ***other questionable means***, gains property for himself which in equity and good conscience he should not be permitted to hold." *Small Bus. Admin. v. Echevarria*, 864 F. Supp. 1254, 1265 (S.D. Fla. 1994) (citing *ITT Community Development Corporation v. Barton*, 457 F. Supp. 224 (M.D. Fla. 1978) (emphasis added).

1

In contrast to the 64 Defendants' mistaken assertions that Plaintiff somehow failed to meet a specific standard (DE 167 at 5-6), courts have rejected the use of any rigid formula in imposing a constructive trust. Rather, "courts that understand constructive trust do not attempt to limit its applications to specified categories of transactions." Restatements of the Law 3d, Restitution and Unjust Enrichment, § 55 (collecting cases). "When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest equity converts him into a trustee ... A court of equity in decreeing a constructive trust is bound by no unyielding formula." *Mishkin v. Jeannine Gurian Tr. No. One*, No. 06-80489-CIV, 2007 WL 9701774, at *2 (S.D. Fla. May 22, 2007) (quoting *Collison v. Miller*, 903 So.2d 221, 228 (Fla. 2nd D.C.A. 2005).

For example, Defendants in this case state that a confidential relationship must be established as a necessary predicate to the imposition of a constructive trust. (DE 167 at 6). That is not the case. See *Wiand v. Lee (In re Lee)*, 574 B.R. 286, 293-94 (Bankr. M.D. Fla. 2017) (noting that courts have authorized this remedy even in the absence of a confidential relationship between the defendant and the claimant); see also *Waddington v. Edwards*, 92 So.2d 629 (Fla. 1957) ("[A]lthough a number of Florida appellate courts have stated that a 'confidential relationship' is a necessary element to a constructive trust, the Florida Supreme court considers the breach of a confidential relationship as but one of several circumstances in which the imposition of a constructive trust is equitable and just.").

B. **Plaintiff has identified specific assets of the 64 Defendants that are the result of inequitable transactions.**

A constructive trust may be imposed on "specific property that is the subject of [an] inequitable transaction." *Bender v. CenTrust Mortgage Corp.*, 51 F.3d 1027, 1030 (11th Cir. 1995).

Plaintiff identified in its motion for constructive trust a list of 33 pending and prior online counterfeiting cases where the 64 Defendants committed the same counterfeiting offenses as the defendants accused in those cases. The list filed at ECF 130-6 contains at least 33 cases where counterfeiting claims were alleged and where the 64 Defendants also committed the same counterfeiting violations including, as in this case, trademark, copyright and design patent infringement.

Where defendants use the intellectual property rights of others and profit from such use, such defendants are commonly considered constructive trustees over the funds which are rightfully the property of intellectual property rights holders. *See e.g., Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1357 (11th Cir. 2019) ("a trademark infringer wrongfully benefits by using property owned by the trademark owner—namely, the mark—and so 'a defendant who is liable in a trademark or trade dress infringement action may be deemed to hold its profits in constructive trust for the injured plaintiff'"); *Respect, Inc. v. Comm. on Status of Women*, 821 F. Supp. 531, 532 (N.D. Ill. 1993) ("the same law that entitles [Plaintiff] to recover [Defendant's] profits--or to recover [Plaintiff's] actual damages if they are greater--effectively renders [Defendant] a trustee de son tort"); *Gucci Am., Inc. v. Pieta*, No. CV 04-9626 ABC (MCX), 2006 WL 4725706, at *8 (C.D. Cal. Jan. 23, 2006) (imposing a constructive trust over trademark counterfeiting defendant's assets based upon defendant's unjust enrichment through trademark infringement); *Burdell v. Denig*, 92 U.S. 716, 719, 23 L. Ed. 764 (1875) (in equitable action based on patent infringement, the infringer may be considered a "trustee" as to the profits made and may be required to account for such profits to the owner of the infringed patent).

The 64 Defendants have submitted sales reports purporting to show all of the sales of the infringing products. (ECF 121-7). These sales reports are authenticated by the self-serving affidavits filed by five of the 64 Defendants. (ECF 121-002 to 121-006). Without an inquiry into all the sales and payment processing methods the 64 Defendants use and further verification of the data they disclose, there is no way to test the accuracy of the 64 Defendants' claims about having sold only $42,000 of infringing products. (ECF 167 at 9). In addition, the 64 Defendants have no response for the evidence Plaintiff submitted showing they are currently selling products that infringe the intellectual property rights of 33 other IP owners. (ECF 130-6).

The 64 Defendants are a group of sophisticated counterfeiters. Plaintiff has shown that the assets in their possession are ill-gotten, not properly theirs, and therefore subject to the imposition of a constructive trust.

### C. **Plaintiff's Underlying Causes of Action Support Imposition of a Constructive trust**

The 64 Defendants contend Plaintiff is not entitled to seek a constructive trust because there is not an operative complaint stating it as a cause of action. Unsurprisingly, their argument is devoid of any legal authority.

A constructive trust "will be erected whenever necessary to satisfy the demands of justice' and [the] applicability of constructive trust 'is limited only by the inventiveness of men who find new ways to enrich themselves unjustly by grasping what should not belong to them.'" *Id.* (quoting *Latham v. Father Divine*, 299 N.Y. 22, 85 N.E.2d 168, 170 (1949)).

Imposition of a constructive trust is appropriate in circumstances such as this, where a defendant is unjustly enriched through use of another's intellectual property rights. Moreover, Plaintiff's claims for unjust enrichment is the quintessential underlying cause of action which

supports imposition of a constructive trust. See *In re First Fidelity Fin. Serv., Inc.*, 36 B.R. 508 (Bankr.S.D.Fla.1983) ("[t]he reason for imposing a constructive trust is to avoid unjust enrichment to the recipient of the windfall, and to do equity for the party whose property has been misused").

### D. **Plaintiff Has Sufficiently Identified a Basis for the Appointment of a Receiver of the 64 Defendants' Ill-gotten Funds.**[1]

The 64 Defendants' contention that Plaintiff has somehow failed to provide the basis for the appointment of a receiver is unsupported by the facts. Plaintiff identified the relevant factors for appointment of a receiver in its motion for constructive trust and receivership. See ECF 140 at 8-9. Considering the "highly discretionary nature of the appointment of a receiver" and "all circumstances of the case," a receiver would sufficiently protect the interests of those harmed by the 64 Defendants' conduct. See *Jackson v. N'Genuity Enters. Co.*, No. 09 C 6010, 2011 U.S. Dist. LEXIS 113511, at *87 (N.D. Ill. Oct. 3, 2011).

Plaintiff did in fact explain how its property and that of others sought to be protected would be well served in the receivership. Plaintiff's motion explains that the property of Plaintiff and others sought to be protected is in imminent danger of being lost or squandered absent the appointment of a receiver given that the 64 Defendants are operating a fraudulent business overseas. (ECF 140 at 9-10). Plaintiff's motion also explains how the evidence demonstrates fraud by the 64 Defendants, and that "[t]he interests of these groups and their claims to the funds frozen by this Court must be preserved in equity. Releasing the 64 Defendants' frozen funds will cause further injustice to these two groups who are victims of the 64 Defendants' illegal

---

[1] Regarding the *Absolute Activist* decision noted in Defendants' opposition, Plaintiff inadvertently conflated the imposition of a receiver with the imposition of a constructive trust. *Absolute Activist Value Master Fund Ltd. v. Devine*, No. 2:15-cv-328-FtM-29MRM, 2016 U.S. Dist. LEXIS 52263, at *15-16 (M.D. Fla. Apr. 19, 2016) (ECF 140 at 10).

activities." (Id.) Plaintiff and others harmed by Defendants' conduct have no adequate legal remedy to protect their interests absent the appointment of a receiver. (Id.)

### E. Conclusion

The circumstances of this case warrant imposition of a receiver to protect the property of Plaintiff and others who have been injured by the 64 Defendants' fraudulent activity, and the Court should grant Plaintiff's Motion.

DATED: November 8, 2023                        Respectfully submitted,

*/s/ Angela M. Nieves*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Betty's Best, Inc.*