UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| BETTY'S BEST, INC., <br> Plaintiff, <br> <br> v. <br> <br> THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br> Defendants | Case No. 1:23-cv-22322-KMW |

**OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE LISETTE REID REGARDING PRELIMINARY INJUNCTION**

Defendants Nos. Nos. 720, 743, 769, 781, 831, 870, 906, 911, 912, 918, 924, 735, 767, 778, 773, 821, 832, 907, 913, 919, 775, 916, 704, 800, 714, 847, 754, 763, 785, 702, 914, 927, 786, 817, 825, 871, 798, 877, 840, 915, 772, 880, 917, 923, 713, 839, 715, 728, 765, 803, 909, 879, 780, 818, 819, 878, 883, 822, 910, 858, 888, 922, 891, 904 ("Certain Defendants"), as identified in Schedule "A" to the Complaint (DE 0011-007), by and through undersigned counsel, respectfully submit this Objection to the Report and Recommendation ("R&R) at docket entry 204 issued by Magistrate Judge Lisette Reid on November 17, 2023, regarding the Plaintiff's motion for preliminary injunction (DE 17) as to Certain Defendants.  Pursuant to the R&R, any objections are due within three (3) days of entry of the R&R.  This objection is therefore timely filed.  *See* DE 204.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

This objection concerns two main issues: (1) the Magistrate Judge's erroneous denial of Certain Defendants' request for a brief continuance of the temporary restraining order and a continued hearing date to enable them to submit supplemental evidence regarding sales of the relevant product, and (2) certain factual errors in the R&R.

The Magistrate Judge erred by denying Certain Defendants' request for a brief continuance to submit additional evidence of sales. *See* DE 192; DE 193. This matter is still in the early stages and no formal discovery has occurred. Information about Certain Defendants' actual sales is directly relevant to the asset restraint sought by Plaintiff. In their process of confirming evidence for the November 13, 2023, hearing on the motion for preliminary injunction, Certain Defendants discovered evidence indicating additional sales. Certain Defendants have been diligently reviewing their voluminous records in order to provide the Court with evidence that is complete as possible at this early, pre-discovery stage. Certain Defendants requested only a brief continuance of the TRO and an opportunity to submit evidence before the Magistrate Judge ruled on the motion for preliminary injunction. The Magistrate Judge erred in denying this request. Although the R&R specifically leaves open the option for Certain Defendants to move to modify the asset restraint, Certain Defendants respectfully submit that the Court should have briefly extended the TRO and set a second hearing date.

In this Objection, Certain Defendants reiterate their request that the Court should extend the TRO and set a second hearing date for Certain Defendants to present evidence of relevant sales, prior to entry of a preliminary injunction.

Further, the R&R includes several factual errors. In the section of the R&R addressing personal jurisdiction (DE 204, p. 14), the Court erroneously indicates that Certain Defendants sold $1.7 million of accused products into Florida. *See* R&R, DE 204, p. 14 ("The evidence presented

at the hearing satisfies Plaintiff's burden to demonstrate a reasonable probability of ultimate success on the question of personal jurisdiction. Plaintiff demonstrated that the 64 Defendants offered the accused products for sale to Florida residents in the screenshots of their websites. [PX33–PX96]. In fact, the PayPal sales alone show sales totaling over $1.7 million. [PX 267]."). However, as the earlier recitation of facts makes clear, this purported $1.7 million is based upon Certain Defendants' sales of *any products* to Florida, not the accused products. The Court's analysis regarding personal jurisdiction fails to make this distinction.

Further, the Court mistakenly states that: "Plaintiff also demonstrated that the 64 Defendants shipped the accused products to Florida when plaintiff made test purchases." (R&R, DE 204, p. 14). As the earlier recitation and the evidence from the hearing make clear, the investigator only obtained test purchases from a fraction of the 64 Certain Defendants. Moreover, each of the Certain Defendants is a separate defendant in this action, and personal jurisdiction must be established as to each. The Court erroneously blurs the lines between each of the Certain Defendants.

Finally, the Court erroneously refers to the evidence of Plaintiff's sales revenues and profits in addressing the asset freeze. *See* R&R, DE 204, p. 18 ("Betty's Best presented documentary and testimonial evidence of their past sales revenue and profits at the hearing and projections of profits lost."). Based upon the applicable case law, this evidence is not relevant to a calculation of a pre-judgment asset freeze. For example, in *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.*, 51 F.3d 982 (11th Cir. 1995), the appellant appealed a preliminary asset restraint. The court concluded that "the district court had the authority to freeze those assets which could have been used to satisfy an equitable award of profits." *Id*. at 987. *See also Hard Candy, Ltd. Liab. Co. v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1358-59 (11th Cir. 2019) (noting that in *Levi Strauss*, "[a] panel of this Court held that the asset freeze was a valid exercise of the district court's equitable powers

because the underlying claim involved a request for equitable relief – namely, the disgorgement of profits under the Lanham Act."). It is well-established that an asset freeze based on the amount of potential *legal* recoveries would be improper. *See Grupo Mexicano de Dessarrolo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999) (holding that district courts may not enter preliminary injunctions preventing defendants from disposing of assets pending adjudication of claims for money damages); *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1529-30 (11th Cir. 1994) (holding that district courts have no general equitable power to freeze assets where the plaintiff seeks only a judgment for money damages); *Klipsch Grp., Inc. v. Big Box Store Ltd.*, 2012 U.S. Dist. LEXIS 153137, at *5 (S.D.N.Y. Oct. 24, 2012) (rejecting asset freeze amount tied to potential statutory damages under Lanham Act, and reducing asset freeze from $2 million to $20,000 based on the defendants' showing of minimal profits from allegedly infringing sales); *see also id*. at *10 ("asset freezes have consistently been confined to preserving the equitable remedy of an accounting for *profits*.") (emphasis in original).

## CONCLUSION

Certain Defendants request that the Court extend the temporary restraining order and allow them to submit further evidence at a continued hearing on the motion for preliminary injunction, and thereby modify or reject the R&R. Certain Defendants further identify some errors in the R&R that should be corrected or clarified in any order issued by the District Court.

Certain Defendants reserve the right to seek a modification of any preliminary injunction.

Dated: November 22, 2023						Giuliano Law Group, P.A.

/s/ Nicole W. Giuliano
Nicole W. Giuliano, Esq.
Florida Bar No. 71067
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
Tel: (321) 754-5290 / Fax: (321) 400-1055
Primary: nicole@glgpa.com
service@glgpa.com


DGW KRAMER LLP

By: /s/ Katherine Burghardt Kramer
  Katherine Burghardt Kramer, Esq.
  *Pro hac vice*
  DGW KRAMER LLP
  One Rockefeller Plaza, 10th Fl.
  Suite 1060
  New York, NY 10020
  T: (917) 633-6860
  kkramer@dgwllp.com

  *Attorney for Certain Defendants* Nos. 720, 743, 769, 781, 831, 870, 906, 911, 912, 918, 924, 735, 767, 778, 773, 821, 832, 907, 913, 919, 775, 916, 704, 800, 714, 847, 754, 763, 785, 702, 914, 927, 786, 817, 825, 871, 798, 877, 840, 915, 772, 880, 917, 923, 713, 839, 715, 728, 765, 803, 909, 879, 780, 818, 819, 878, 883, 822, 910, 858, 888, 922, 891, 904.