UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| BETTY'S BEST, INC.,<br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, PARTNERSHIPS,<br>AND UNINCORPORATED<br>ASSOCIATIONS IDENTIFIED ON<br>SCHEDULE "A,"<br>Defendants | Case No. 1:23-cv-22322-KMW |

### CERTAIN DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendants Nos. 720, 743, 769, 781, 831, 870, 906, 911, 912, 918, 924, 735, 767, 778, 773, 821, 832, 907, 913, 919, 775, 916, 704, 800, 714, 847, 754, 763, 785, 702, 914, 927, 786, 817, 825, 871, 798, 877, 840, 915, 772, 880, 917, 923, 713, 839, 715, 728, 765, 803, 909, 879, 780, 818, 819, 878, 883, 822, 910, 858, 888, 922, 891, 904 ("Certain Defendants"), as identified in Schedule "A" to the Complaint (DE 0011-007), by and through undersigned counsel, hereby respond in opposition to the Motion for Leave to File Second Amended Complaint (DE 282) (the "Motion") filed by Plaintiff Betty's Best, Inc. ("Plaintiff"). The Proposed Second Amended Complaint ("PSAC") was filed at DE 282-1. It was filed without exhibits and therefore fails to comply with Local Rule 15.1. In addition, the proposed amendments fail on the basis of futility. This is Plaintiff's second motion for leave to file a second amended complaint. Plaintiff withdrew its prior motion (DE 120; withdrawal at DE 232) after Certain Defendants filed a lengthy opposition, also primarily arguing futility of the proposed amendment. The new Motion should be denied in its entirety.

1

**MEMORANDUM OF LAW**

I.  **INTRODUCTION AND BACKGROUND**

The PSAC immediately falls short because it fails to include any of the six "exhibits" referenced in the PSAC. This alone is a sufficient basis to deny the Motion.

Plaintiff's Motion seeks to amend the complaint to add a single claim – the new proposed Count VI – for removal or falsification of copyright management information ("CMI"), pursuant to 17 U.S.C. § 1202 (the "CMI Claim"). The PSAC also seeks to reiterate Plaintiff's claims for copyright infringement, trademark infringement, design patent infringement, and other related claims.

A federal complaint cannot stand on generalized allegations. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

Certain Defendants still have a pending motion to dismiss the First Amended Complaint ("FAC") (DE 133), on grounds including lack of personal jurisdiction, improper service of process, and failure to state a claim. Those arguments are incorporated here by reference to support Certain Defendants' contention that the Motion should be denied on the basis of futility.

Plaintiff did not provide the Court with a redline comparison of its FAC and PSAC, nor does Plaintiff's Motion explain in detail the proposed amendments.

This is an action for alleged intellectual property infringement, asserted by Plaintiff against more than 1,000 defendants. Plaintiff alleges infringement of copyright, trademark, and patent rights. As noted, the PSAC was filed without proposed exhibits. *See* Motion, p. 2 ("Plaintiff's Second Amended Complaint attached hereto (without exhibits)[.]"). It is therefore not clear what exhibits would be filed with the PSAC. While it is possible those exhibits would be the same as those filed with the First Amended Complaint (DE 84), there is no such confirmation in the record. Moreover, the filing of the PSAC without exhibits violates the Local Rules of this Court.

Plaintiff filed this litigation initially in June 2023. (DE 1.) Plaintiff sought an *ex parte* temporary restraining order and motion for preliminary injunction, including an asset freeze, which has resulted in significant motion practice. On September 24, 2023, Plaintiff filed a First Amended Complaint ("FAC"), as an amendment as of right. (DE 84.) Certain Defendants moved to dismiss the FAC on October 16, 2023 (DE 133), and that motion was referred to the Magistrate Judge (DE

205). The motion to dismiss the FAC is fully briefed and remains pending. On October 4, 2023, Plaintiff moved for leave to file a second amended complaint (DE 120) – including to add a claim for removal or falsification of copyright management information – but withdrew that motion after lengthy opposition from Certain Defendants. In that opposition, Certain Defendants contended that the proposed new claim for removal or falsification of copyright information was inadequately alleged. *See* Opposition, DE 213, p. 4 ("The claim is utterly conclusory and without factual support. . . . First, Plaintiff's own exhibits demonstrate that most of the claimed copyrighted photos do not have any CMI. Second, the pleadings lack any evidentiary support. Plaintiff does not identify a single specific instance of an image where any defendant removed or altered CMI. Apart from the allegations within Count VI of the PSAC, the PSAC does not make any reference to 'CMI' or 'copyright management.' Third, this is a shotgun pleading against approximately 1,000 defendants, including Certain Defendants. As a result, amendment should be denied."). Plaintiff's pleading of that claim in the new PSAC still fails to remedy the deficiencies identified in Certain Defendants' opposition to the prior motion to amend.

The FAC includes six exhibits. Again, it is unclear from the Motion whether the same exhibits would support the PSAC. Exhibit 1 to the FAC (DE 84-2) purports to show trademark registrations for "Striphair" and "The Gentle Groomer." Exhibit 2 to the FAC (DE 84-3) purports to show various copyright registrations, including a summary of images with Plaintiff's reference numbers for each (e.g., SH-1). Exhibit 3 to the FAC (DE 84-4) purports to show various other copyright registrations, with no summary chart. Exhibit 4 to the FAC (DE 84-5) is a lengthy exhibit of approximately 250 pages, purporting to show a copyright registration for Plaintiff's website, along with purported screenshots of that website, and a summary chart of claimed copyrighted images. Exhibit 5 to the FAC (DE 84-6) purports to show Plaintiff's design patent. Exhibit 6 to the FAC (DE 84-7) purports to show a "claim chart," with an unidentified "counterfeit product." The FAC alleges: "Defendant's [sic] counterfeit grooming tools reproduce the main design features of the HOPGT Design Patent, as is shown in the Claim Chart attached hereto as Exhibit 6." (DE 84, ¶ 111.) The FAC does not allege which of the more than 1,000 defendants sold the purportedly infringing product. The PSAC includes an identical allegation at ¶ 112, although no exhibit.

None of the exhibits to the FAC include evidence of any alleged infringement by any defendant, including Certain Defendants. Other exhibits in the record, such as the exhibits

3

supporting the motion for temporary restraining order and other relief (DE 17; DE 18), are not incorporated by reference into the FAC or PSAC and are therefore not part of the pleadings to be considered in adjudicating this Motion. Thus, within the corners of the pleadings, Plaintiff has failed to provide the Court or defendants with notice of the specific basis for any alleged infringement.

## II. LEGAL STANDARD

Because Plaintiff has already amended its complaint once, Plaintiff must seek leave of the Court or the opposing parties' consent to amend again. *See* F.R.C.P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."). Although the "court should freely give leave when justice so requires," *id.*, this discretion is not limitless. "A district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

"When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999). *See also Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss."). Thus, an opposition based upon futility should be measured under a Rule 12(b) standard.

Although familiar, it is worth revisiting the Rule 8 pleading standard as articulated by the U.S. Supreme Court. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Thus, a claim must include sufficient *factual content* as to *each defendant* to raise a right to relief that is more than speculative. The proposed amended PSAC is futile and must be denied.

4

### III. ARGUMENT

This Motion should be denied in its entirety. The proposed amendment to add the CMI Claim should be rejected on the basis of futility. The reiterated claims – those previously alleged in the FAC – should also be denied on the basis of futility.

First, the PSAC does not include any exhibits, in violation of Local Rule 15.1. *See* L.R. 15.1 ("A party who moves to amend a pleading shall attach the original of the amendment to the motion in the manner prescribed by Section 3I(1) of the CM/ECF Administrative Procedures. Any amendment to a pleading, whether filed as a matter of course or upon a successful motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. When a motion to amend is granted, the amended pleading shall be separately filed and served forthwith.").

Second, the proposed new claim, Count VI, for removal/falsification of CMI is an impermissible shotgun pleading, alleged without specificity and in violation of the well-established federal pleading standards. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Moreover, the evidence submitted by Plaintiff in this action does not show CMI removal/falsification by defendants, including the Certain Defendants, thus indicating that Plaintiff is aware that this claim is not factually supported.

Third, Plaintiff's reiterated claims are also futile, as argued here and in the pending Motion to Dismiss (DE 133), and the proposed amendment to include them in the PSAC should be denied on the basis of futility.

Fourth, the Motion should be denied because the Court lacks personal jurisdiction over the 64 Defendants, because this is an improper venue, because of inadequate service of process, as argued in detail in the pending Motion to Dismiss (DE 133).

### A. THE MOTION VIOLATES LOCAL RULE 15.1

The Motion should be denied for violating Local Rule 15.1, which requires a motion to amend to include the proposed pleadings, and specifies that the pleadings cannot incorporate prior pleadings by reference. Under Local Rule 15.1, a motion to amend "shall attach the original of the amendment to the motion," and the "amendment to a pleading . . . must . . . reproduce the entire pleading as amended[.]"). As noted above, the PSAC does not include any of its proposed exhibits,

and the Motion does not specify what exhibits are intended to support the PSAC. On this basis alone, the Motion must be denied.[1]

### B. THE PROPOSED CMI CLAIM (COUNT VI) IN THE PSAC SHOULD BE REJECTED ON THE BASIS OF FUTILITY

Plaintiff's PSAC seeks to add one proposed claim to this action, the CMI Claim, for removal or falsification of copyright management information, in violation of 17 U.S.C. § 1202. This proposed amendment should be rejected on the grounds of futility. The claim would not withstand a Rule 12(b)(6) motion to dismiss and therefore the proposed amendment is futile.

The relevant statute, 17 U.S.C. § 1202(c), is part of the Digital Millenium Copyright Act ("DMCA"). The DMCA defines "copyright management information" as follows:

> **Definition.** As used in this section, the term "copyright management information" means any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work:
>
> **(1)** The title and other information identifying the work, including the information set forth on a notice of copyright.
>
> **(2)** The name of, and other identifying information about, the author of a work.
>
> **(3)** The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright.
>
> **(4)** With the exception of public performances of works by radio and television broadcast stations, the name of, and other identifying information about, a performer whose performance is fixed in a work other than an audiovisual work.
>
> **(5)** With the exception of public performances of works by radio and television broadcast stations, in the case of an audiovisual work, the name of, and other identifying information about, a writer, performer, or director who is credited in the audiovisual work.
>
> **(6)** Terms and conditions for use of the work.

---

[1] Certain Defendants informed Plaintiff of this shortcoming prior to filing this response brief, and Plaintiff refused to remedy the obvious deficiency.

> **(7)** Identifying numbers or symbols referring to such information or links to such information.
>
> **(8)** Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work.

The DMCA prohibits the intentional display of false CMI. *See* 17 U.S.C. § 1202(a) ("No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement— (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false.").

The DMCA also prohibits the intentional removal or alteration of CMI, or distribution of knowingly altered or removed CMI. *See* Section 1202(b) ("No person shall, without the authority of the copyright owner or the law— (1) intentionally remove or alter any copyright management information, (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.").

1. **PLAINTIFF DOES NOT ADEQUATELY ALLEGE THE EXISTENCE OF CMI**

First, Plaintiff's CMI Claim is futile because Plaintiff does not adequately allege that any of its purportedly copyrighted images *had* CMI that could have been subsequently removed or falsified. The PSAC alleges, in conclusory fashion: "The Copyrighted Works all contained copyright management information (CMI) as defined by 17 U.S.C. § 1202." (PSAC, DE 282-1, ¶ 186.) The "Works" are defined in the PSAC as the exhibits submitted in Exhibit 2. Because no exhibits were submitted with the PSAC, this allegation is completely unsupported. Moreover, as set forth in 17 U.S.C. § 1202(c), there are numerous categories of CMI. Plaintiff fails to provide adequate factual allegations regarding what specific CMI was associated with each of dozens of allegedly copyright-protected images. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Plaintiff's conclusory allegations in ¶ 188 of the PSAC are insufficient. For example, the PSAC alleges: "For the product package and product images the CMI included the © symbol, the name of the Plaintiff, and the words STRIPHAIR and GENTLE GROOMER." (PSAC, ¶ 188(a)). It is unclear whether Plaintiff is alleging that *each* image in that category contains *all* of those categories of CMI, or just that they may include one or more of those types of CMI. Regardless, Exhibit 2 to the FAC shows that the vast majority of the images claimed by Plaintiff do not contain any CMI on the face of the images. Thus, to the extent the Court looks to the exhibits of the FAC, those exhibits *discredit* the allegations of the CMI Claim. For example, the image marked as SH-2, for which Plaintiff claims copyright protection, is simply a woman with a horse, holding a black grooming brush, with the words "Safe to use everywhere." (DE 84-3.) There is no copyright symbol, no owner's name, and no author's name. The image marked as SH-2 shows the product at issue and is therefore, presumably, a "product image" as referenced in ¶ 188(a) of the PSAC. Using SH-2 as an example, the image itself shows that the allegation in the PSAC about CMI is false and misleading. A closer review of Plaintiff's prior exhibits shows that only two of the claimed works include a copyright symbol and/or the name "Betty's Best" as the copyright owner: SH-18 and SH-41. *See* DE 84-3. Plaintiff does not, and cannot, allege that every defendant infringed those two images. Thus, Plaintiff's allegations of CMI removal or falsification lack factual support and, worse, are contradicted by evidence in Plaintiff's possession.

On this basis, the proposed amendment to add the CMI Claim is futile and must be denied.

### 2. THE CMI CLAIM IS AN IMPERMISSIBLE SHOTGUN PLEADING

Second, Plaintiff's proposed CMI Claim is futile because Plaintiff does not adequately allege that any specific defendant removed or falsified any specific CMI. The pleadings are improper shotgun pleadings against more than 1,000 defendants. Plaintiff does not allege *which* images and *what* CMI were allegedly removed or falsified by each defendant. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Tombly*, 550 U.S. at 555. The CMI Claim in the PSAC is an impermissible shotgun pleading. Certain Defendants cannot ascertain the factual basis for Plaintiff's claim against them from the pleadings. Moreover, based on the FAC exhibits, it is does not appear that there *is* any factual basis for the CMI Claim against them.

Plaintiff's allegations of wrongdoing regarding CMI do not differentiate between any of the more than 1,000 defendants. In paragraph 190 of the PSAC, Plaintiff alleges: "By way of

8

example, the product listings and product photographs remove and fail to display Plaintiff's CMI, the name of the Plaintiff, or the words STRIPHAIR and GENTLE GROOMER in locations where Defendants copy the Plaintiff's copyrighted works." Which product listings? Which product photographs? How can this allegation apply, for example, to a photo that contained none of those elements in its original form, such as SH-2?

Federal courts will not tolerate "shotgun" pleadings, in which plaintiffs lodge indiscriminate allegations. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). "Shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as 'fatally defective.' (quotation marks omitted)." *Millennium Funding, Inc. v. 1701 Mgmt. LLC*, 576 F. Supp. 3d 1192, 1201 (S.D. Fla. 2021), amended on reconsideration in part, No. 21-CV-20862, 2022 WL 845468 (S.D. Fla. Mar. 22, 2022) (quoting *B.L.E. v. Georgia,* 335 F. App'x. 962, 963 (11th Cir. 2009), quotation marks omitted). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996).

With regards to the CMI Claim, the PSAC fails to apprise Certain Defendants of the "grounds upon which each claim rests." *Weiland*, 792 F.3d at 1320. The PSAC makes no effort to match up any particular defendant with any particular allegedly copyrighted work or with any particular CMI that was allegedly either removed or falsified. Thus, no defendant can ascertain the grounds upon which the CMI Claim rests. Further, the PSAC was filed without exhibits and without any evidence of defendant-by-defendant alleged infringement or CMI removal.

In the matter of *Spinelli v. NFL*, 903 F.3d 185, 204-05 (2d Cir. 2018), the court affirmed dismissal of a similarly conclusory CMI claim. The court concluded that "[t]he complaint does not actually identify any instance in which CMI was removed or even make clear what specific type of CMI is at issue. . . . Nor do Plaintiffs describe the information removed from Plaintiffs' photographs elsewhere in the complaint either. The conclusory allegation to the effect of 'CMI was removed' will not suffice. Dismissal of Plaintiffs' CMI claim should therefore be affirmed."

9

*Id*. Likewise here, the PSAC "does not actually identify" any removal of CMI, nor "even make clear what specific type of CMI is at issue." Because there are so many defendants in this action and so many allegedly copyrighted works, even if Plaintiff generally alleged the types of CMI at issue, its allegations as to each defendant amount to no more than "CMI was removed," which does not suffice. *See id*.

Accordingly, the Motion must be denied as to the claim for removal or falsification of CMI.

### 3. PLAINTIFF FAILS TO STATE A CLAIM BECAUSE A TRADEMARK IS NOT COPYRIGHT MANAGEMENT INFORMATION

Third, Plaintiff improperly relies upon *trademark* information in attempting to state a claim for *copyright* violation. Plaintiff's allegation that *trademark* removal can constitute a violation of the DMCA is contradicted by applicable law. Several cases reach a contrary conclusion. *See, e.g., IQ Grp. v. Wiesner Publ'g, Inc.*, 409 F. Supp. 2d 587, 592 (D.N.J. 2006) ("In effect, IQ asks this Court to construe the DMCA so as to allow a logo, functioning as a service mark, to come within the definition of copyright management information which, by operation of the DMCA, would act to protect the copyright of its owner. This construction of the DMCA would allow trademarks to invoke DMCA provisions meant to protect copyrights. As discussed infra, this turns the DMCA into a species of mutant trademark/copyright law, blurring the boundaries between the law of trademarks and that of copyright. There is no evidence that Congress intended such an extreme outcome in enacting the DMCA."). The court in IQ Group accurately expressed the problem with the claim Plaintiff tries to make here: "If every removal or alteration of a logo attached to a copy of a work gives rise a cause of action under the DMCA, the DMCA becomes an extension of, and overlaps with, trademark law."). *Id*. The Court should not permit the CMI Claim as premised on a "species of mutant trademark/copyright law." *See also Fischer v. Forrest*, 286 F. Supp. 3d 590, 611 (S.D.N.Y. 2018) ("Defendant's having replaced the word 'Fischer's' with 'Natural Honey Harvester' is not an act of CMI removal. 'Fischer's' has no CMI significance as used in the advertisement.").

Certain Defendants have not been able to identify a case that would support blurring the lines between trademark law and copyright law, to support a DMCA claim based on removal of a trademark. *See also Aardwolf Indus., LLC v. Abaco Machs. United States, Inc*., No. CV 16-1968-GW(JEMx), 2016 U.S. Dist. LEXIS 195535, at \*10 (C.D. Cal. Aug. 11, 2016) (dismissing DMCA CMI claim where "Plaintiff has not alleged any facts indicating what CMI Defendants purportedly

removed or altered from the Logo; indeed, a brief examination of the Logo does not reveal any identifying information that could have been removed."). Neither the alleged Striphair mark nor the alleged The Gentle Groomer mark contain any identification of the *owner* of the copyright, and therefore do not, by themselves, contain any CMI.

Accordingly, because Plaintiff's CMI Claim relies upon removal of trademark information as a core allegation, the claim is futile and must be dismissed. *See* PSAC, ¶ 188 (alleging that every copyrighted work included the words "STRIPHAIR" and "GENTLE GROOMER")[2]; PSAC, ¶ 190 (alleging wrongdoing by all defendants by "remov[ing] and fail[ing] to display . . . the words STRIPHAIR and GENTLE GROOMER.")[3].

### C. THE REITERATED CLAIMS ALSO FAIL ON THE BASIS OF FUTILITY

In addition to the CMI Claim, the PSAC also reiterates the six claims from the FAC: (1) trademark infringement, under 15 U.S.C. § 1114; (2) false designation of origin, under 15 U.S.C. § 1152(a); (3) common law unfair competition; (4) common law trademark infringement; (5) copyright infringement; and (6) design patent infringement.

Each of these claims is futile, and therefore the Motion should be denied as to Plaintiff's attempt to restate these claims.

#### 1. PLAINTIFF'S CLAIMS FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND COMMON LAW TRADEMARK INFRINGEMENT SHOULD BE REJECTED ON THE BASIS OF FUTILITY

Plaintiff's first claim in the PSAC for trademark infringement under 11 U.S.C. § 1114, its second claim for false designation of origin, its third claim for unfair competition, and its fourth claim for common law trademark infringement, should each be rejected as futile. Each of these claims relies on allegations that all defendants infringed one or more trademarks of Plaintiff.

First, these claims are alleged in an improper shotgun pleading, with undifferentiated allegations against more than 1,000 defendants. This fails to apprise each defendant of the claims against it with the requisite factual specificity under Rule 8.

---

[2] A review of the FAC exhibits shows that this allegation – that the words Striphair and Gentle Groomer appear in each image in their original form – is false.

[3] Plaintiff misstates its alleged trademark. As shown in Exhibit 1 to the FAC, the alleged trademark is for "The Gentle Groomer," not "Gentle Groomer."

11

Second, the evidence (e.g., DE 18) submitted by Plaintiff in support of its motion for temporary restraining order and other relief (DE 17) indicates that Plaintiff does not believe it has a claim for trademark infringement against a majority of Certain Defendants, although the FAC and PSAC allege this claim indiscriminately against all defendants. *See* DE 18 (exhibit to the Declaration of Sarah Owen). Plaintiff submitted screenshots of each defendant's website, and at the bottom of the document, Plaintiff annotated its allegations of copyright infringement, trademark infringement, and patent infringement. For example, for Defendant #702 (anbinlast.com), Plaintiff identified several images that it alleges constitute copyright infringement, along with a note of "Design Patent Used." However, there is *no assertion* of trademark infringement on that document, and the screenshot does not indicate any evidence to support a claim for trademark infringement. By contrast, for Defendant #704 (approachee.com), Plaintiff annotated the screenshot to contend trademark infringement for "The Gentle Groomer." But as a further example, for Defendant #713 (awakelet.com), Plaintiff does not assert trademark infringement in the screenshot for that defendant in DE 18, and thus screenshot does not support a claim for trademark infringement by this defendant.

Plaintiff's now-withdrawn motions for default judgment further confirm that the trademark claims are unsubstantiated as to a large number of defendants and that Plaintiff is already aware that these claims are unsubstantiated. *See, e.g.*, DE 285-1 (damages chart). The column for "number of trademarks infringed" admits that Plaintiff has no evidence of trademark infringement for numerous defendants, despite alleging infringement in the FAC and using those allegations to support numerous other claims. For example, the damages chart indicates that the "Number of Trademarks Infringed" by Defendant #1 is, in fact, zero, and it is zero for numerous other defendants as well.

The burden is on Plaintiff to plead its claims against each defendant based on *facts*. Where Plaintiff knows that the evidence in its possession – and filed with the Court – contradicts its claims, the burden is on Plaintiff to plead its claims consistently with that evidence. Rather, Plaintiff improperly alleges this claim in a shotgun manner against *all defendants* even where Plaintiff is aware that this shotgun pleading is not substantiated.[4] Plaintiff's choice to pursue more

---

[4] The evidence submitted in support of Plaintiff's motions is not part of the pleadings, for purposes of a Rule 12(b)(6) motion. Certain Defendants point to this evidence to show that Plaintiff is aware that its trademark claims are improperly stated against many of the defendants

than 1,000 defendants in a single action does not change the applicable pleading standard. Plaintiff's shotgun pleading of its trademark claim should be rejected by this Court, and Plaintiff should be required to allege *which* defendants are have purportedly infringed *which* trademark or trademarks.

Thus, the Court should also deny the Motion as to the reiterated claims arising under a theory of trademark infringement (i.e., its first claim in the PSAC for trademark infringement under 11 U.S.C. § 1114, its second claim for false designation of origin, its third claim for unfair competition, and its fourth claim for common law trademark infringement), on the basis of futility.

### 2. PLAINTIFF'S CLAIM FOR COPYRIGHT INFRINGEMENT SHOULD BE REJECTED ON THE BASIS OF FUTILITY

Plaintiff's claim in the PSAC for copyright infringement, Count V, should be rejected on the basis of futility. It is an improper shotgun pleading against more than 1,000 defendants, alleged without the requisite specificity under Rule 8.

Based on the *pleadings*, Certain Defendants cannot ascertain which images or copyrights they are alleged to have infringed. Plaintiff has claimed copyright protection over dozens of images and videos, along with an allegedly copyrighted website that is approximately 250 pages in PDF format. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The allegations supporting Plaintiff's claim for copyright infringement are "threadbare" and "conclusory." *See* PSAC ¶¶ 171 through 180 (failing to differentiate between more than 1,000 defendants and dozens of allegedly copyrighted works). To the extent Plaintiff's evidence in support of its motions provides further detail, those documents are *not* in the pleadings and therefore should not be considered in weighing the adequacy of the *pleadings*.

As a result, Plaintiff's Motion should be denied as to its reiterated claim for copyright infringement, on the basis of futility.

### 3. PLAINTIFF'S DESIGN PATENT CLAIM SHOULD BE REJECTED ON THE BASIS OF FUTILITY

Plaintiff's reiterated claim in the PSAC for design patent infringement, Count VII, should be rejected on the basis of futility.

---

in this action as a result of Plaintiff's improper shotgun pleading against more than 1,000 defendants.

First, the claim is an impermissible shotgun pleading, as with the other claims in the PSAC.

Second, the patent claim also relies on allegations of trademark infringement, but as addressed above, Plaintiff improperly alleges a claim for trademark infringement against the majority of Certain Defendants, without factual basis. *See* PSAC, ¶ 198 ("Defendants have infringed and continue to infringe the HOPGT Design Patent either directly or indirectly through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, selling, importing and/or offering to sell infringing products, namely the infringing and counterfeit products sold under one or more of the Betty's Best Marks.").

Third, the design patent at issue does not include any marks as part of the claimed ornamental design. *See* FAC, Exhibit 5 (DE 84-6). The patent at issue does not include "Striphair" or "The Gentle Groomer" as part of the claimed design of the brush. Thus, to the extent the proposed Count VII alleges that Certain Defendants infringed Plaintiff's patent rights by selling brushes under Plaintiff's marks, such a claim fails a matter of law based on the face of the patent.

Fourth, Plaintiff fails to allege which elements of Design Patent U.S. D841,900 S are ornamental, rather than functional. On its face, the elements of Design Patent U.S. D841,900 S appear to be purely functional, not ornamental, and therefore not protectable. *See, e.g., Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1320 (Fed. Cir. 2016) ("Of course, a design patent cannot claim a purely functional design—a design patent is invalid if its overall appearance is 'dictated by' its function."); *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293-94 (Fed. Cir. 2010) ("[A] design patent, unlike a utility patent, limits protection to the ornamental design of the article. If the patented design is primarily functional rather than ornamental, the patent is invalid.") (internal citation omitted).

Fifth, Plaintiff's allegation in support of Count VII in the PSAC, that "Defendants['] infringing and counterfeit products sold under one or more of the Betty's Best Marks are the same in all material respects" (PSAC, ¶ 199), is contradicted by the evidence Plaintiff submitted in DE 18, and therefore is known by Plaintiff to be false. It is unclear whether Plaintiff intends to allege that defendants' products are the same as each other, or each the same as Plaintiff's products. In either case, a review of DE 18 shows that this allegation is false. For example, the screenshot for Defendant #754 (enjoyaitlife.com) shows only a black brush (with no evidence of any trademark infringement). *See* DE 18. But for Defendant #763 (fankisses.com), the screenshot shows a blue brush (with no evidence of any trademark infringement). *See id*. For Defendant #879

14

(sunshinebl.com), the design shown in the screenshot is quite different from Plaintiff's claimed product, on its face. *See id*. The product in the screenshot has multiple holes on its sides, which is not part of the ornamental design elements claimed by Plaintiff. This product is plainly dissimilar to Plaintiff's claimed design. Thus, Plaintiff's allegation is demonstrably false.

Where a claim for design patent infringement fails to state a claim, it can be dismissed on a Rule 12(b)(6) motion. *See, e.g., Performance Designed Prods. LLC v. Mad Catz, Inc.*, No. 16cv629-GPC(RBB), 2016 U.S. Dist. LEXIS 84848, at *12-15 (S.D. Cal. June 29, 2016) (granting motion to dismiss design patent infringement claim).

### IV. THE PROPOSED SECOND AMENDED COMPLAINT IS FUTILE FOR THE SAME REASONS SET FORTH IN CERTAIN DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

On October 16, 2023, Certain Defendants filed a motion to dismiss the FAC (DE 133), which has been fully briefed and remains pending. Certain Defendants incorporate by reference the arguments made in those papers. The same fatal flaws that require dismissal of the FAC also require denial of the motion to amend.

Because Counts I through V and VII are subject to the pending motion to dismiss and should be dismissed on those grounds, the proposed amendment is futile as to those claims. The FAC should be dismissed because Plaintiff has not adequately alleged personal jurisdiction against Certain Defendants in Florida. That same shortcoming is fatal to the PSAC. Plaintiff has not demonstrated that venue is proper in Florida, where neither Certain Defendants nor Plaintiff have business operations or other ties. Certain Defendants have not been served with adequate service of process in compliance with the Hague Service Convention. Further, Plaintiff's claims in the FAC are subject to Rule 12(b)(6) dismissal, on the grounds set forth in Certain Defendants' motion to dismiss and above.

### V. REQUEST FOR SANCTIONS

Certain Defendants request that the Court impose sanctions, in the form of reasonable attorney's fees, against Plaintiff for the time spent by Certain Defendants opposing this Motion. Certain Defendants apprised Plaintiff, in detail, of the grounds for this opposition, including the straightforward violation of Local Rule 15.1. Plaintiff initially agreed to provide a revised amended pleading but then withdrew the offer. Moreover, this is Plaintiff's second motion for leave to amend. Plaintiff initially moved to file an amended complaint on October 4, 2023 (DE

120), and Certain Defendants prepared and submitted a *lengthy and detailed* opposition to that motion, raising the same arguments against the CMI Claim and other deficiencies in the complaint as raised here. Thereafter, Plaintiff withdrew the motion. The new PSAC does not adequately address the deficiencies of the CMI claim and other claims that Certain Defendants identified in their opposition to the previous motion for leave to amend and in their pending motion to dismiss.

The Court has inherent authority to manage litigation. *See, e.g., Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) ("Courts have the inherent power to police those appearing before them."). "The key to unlocking a court's inherent power is a finding of bad faith." *Id*. *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (explaining that a court has inherent power to award attorney's fees to a party whose litigation efforts directly benefit others, to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons).

If the Court denies this Motion as urged by Certain Defendants or if Plaintiff subsequently withdraws this Motion, Certain Defendants request that the Court impose sanctions on Plaintiff, based on the reasonable attorney's fees incurred by Certain Defendants in opposing this Motion. To the extent Plaintiff withdraws this Motion after reviewing Certain Defendants' opposition – as Plaintiff has done with no less than five other motions in this action to date – Certain Defendants' request for sanctions, in the form of fees incurred to oppose the Motion, should be granted.

The basis for the sanctions request is two-fold. First, Certain Defendants have apprised Plaintiff numerous times of the basis for this opposition, including in a filed opposition to Plaintiff's prior motion for leave to file a second amended complaint, and in detailed email correspondence. Although Plaintiff withdrew its prior motion for leave to amend after receiving Certain Defendants' opposition (thus forcing Certain Defendants to incur substantial legal fees preparing a lengthy and detailed opposition), Plaintiff's PSAC fails to remedy the problems identified regarding the CMI Claim, among other deficiencies.

Second, the evidence submitted by Plaintiff contradicts key elements of its claims, which are improperly alleged as shotgun pleadings against more than 1,000 defendants.

To the extent Plaintiff continues its pattern of filing, and then withdrawing, various motions, Certain Defendants request the imposition of attorney's fees against Plaintiff for their time spent opposing this motion. The docket reflects that Plaintiff has withdrawn five motions to date after receiving Certain Defendants' oppositions, thus significantly driving up litigation costs

for Certain Defendants. *See* DE 303 (withdrawing two motions); DE 264; DE 240; and DE 232. Despite this pattern, this is Certain Defendants' first request for fees under the Court's inherent authority.

## CONCLUSION

The Plaintiff's Motion for Leave to File a Second Amended Complaint should be denied in its entirety.

Dated: January 25, 2024

Respectfully submitted,

Giuliano Law Group, P.A.

/s/ Nicole W. Giuliano
Nicole W. Giuliano, Esq.
Florida Bar No. 71067
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
Tel: (321) 754-5290 / Fax: (321) 400-1055
Primary: nicole@glgpa.com
service@glgpa.com

DGW KRAMER LLP

By: /s/ Katherine Burghardt Kramer
Katherine Burghardt Kramer, Esq.
*Pro hac vice*
DGW KRAMER LLP
One Rockefeller Plaza, 10th Fl.
Suite 1060
New York, NY 10020
T: (917) 633-6860
kkramer@dgwllp.com

*Attorney for Certain Defendants* Nos. 720, 743, 769, 781, 831, 870, 906, 911, 912, 918, 924, 735, 767, 778, 773, 821, 832, 907, 913, 919, 775, 916, 704, 800, 714, 847, 754, 763, 785, 702, 914, 927, 786, 817, 825, 871, 798, 877, 840, 915, 772, 880, 917, 923, 713, 839, 715, 728, 765, 803, 909, 879, 780, 818, 819, 878, 883, 822, 910, 858, 888, 922, 891, 904.