UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

BETTY'S BEST, INC.,

       Plaintiff,

vs.

THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

       Defendants.

Case No. 1:23-cv-22322-KMW

**CONFIDENTIALITY ORDER, PROTECTIVE AGREEMENT, AND ORDER**

IT IS HEREBY ORDERED that the following provisions of this Confidentiality Stipulation and Protective Agreement (the "Agreement") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests for admission and any other materials and information produced or provided ("Discovery Materials") by any party or non-party ("Disclosing Party") as follows:

**Designation of Confidential Information**

1.    *Designation of Discovery Materials*. Discovery Materials produced in this case may be labeled as one of two categories: "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as set forth below. These categories of information are referred to collectively herein as "Confidential Information." The protections conferred by this Agreement cover not only Confidential Information, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations that might reveal Confidential Information.

1

2. Discovery Materials claimed to be or to contain Confidential Information shall, prior to production, be marked by the Disclosing Party as "CONFIDENTIAL," or, pursuant only to the provisions of Paragraph 5, *infra*, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Placement of the appropriate designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential Information. A Disclosing Party may designate Discovery Material produced in an electronic format as Confidential Information by placing the applicable confidentiality marking on the disk or device on which the Discovery Material is produced. Copies, extracts, summaries, notes, and other derivatives of Confidential Information also shall be deemed Confidential Information and shall be subject to the provisions of this Agreement. Any person or entity that has received a subpoena in this litigation to produce information or provide testimony may also designate Confidential Information and receive the protections set forth in this Agreement as if it were a party or signatory to the Agreement.

3. For purposes of this Agreement, the "CONFIDENTIAL" designation may be used for all information or material produced or disclosed to a party (the "Receiving Party"), which the Disclosing Party reasonably believes contains or reflects Confidential Information, or is not in the public domain and contains any proprietary, commercially sensitive, or otherwise confidential financial, business, research, development, technical, sales, marketing, strategic and/or personal information, whether embodied in physical objects, documents, or the factual knowledge of persons.

4. The "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is reserved for Confidential Information that constitutes highly sensitive or proprietary financial, research, development, technical, sales, marketing data or information, web traffic, or

commercially sensitive competitive information, Confidential Information relating to future products or services not yet commercially released, strategic plans, licenses, and other forms of agreements, or any other information whose disclosure to another party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means. In determining whether information should be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," each Disclosing Party agrees to use such designation only in good faith.

5. *Subsequent Designation*. Inadvertent failure to designate materials as Confidential Information at the time of production shall not constitute a waiver of the Disclosing Party's claim of confidentiality and may be remedied by supplemental written notice. Discovery Materials produced in the litigation that are not identified as Confidential Information when they were initially produced may thereafter be designated as Confidential Information by the Disclosing Party; or by the party or parties receiving the production; or by a non-party, by providing prompt written notice to counsel for all other parties and to any non-party who may be affected. If such notice is given, all Discovery Materials so designated shall be subject to this Agreement as if they had been initially designated as Confidential Information. Each party or non-party who receives such written notice shall endeavor, within ten (10) business days, to retrieve any Confidential Information that may have been disseminated, shall affix the appropriate confidentiality designation to it, and shall thereafter distribute it only as allowed by this Agreement. If the party or non-party who receives the written notice is unable to arrange for the return or destruction of such information, that party or non-party shall notify counsel for all other parties and any affected non-parties within fifteen (15) business days of receiving the supplemental notice. No distribution prior to the receipt of such written notice shall be deemed a violation of this Agreement.

6. *Designation of Depositions*. Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either on the record at any time during the deposition, or in a letter to counsel and the court reporter within thirty (30) days after receipt of the deposition transcript by counsel for the witness, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential Information as appropriate. All deposition transcripts or other pretrial testimony shall be treated as Confidential Information until the expiration of the 30th day after receipt by counsel for the witness of a copy of the transcript thereof. The court reporter shall print a "confidential" marking on the cover page and each page of the deposition transcript that contains Confidential Information.

7. *Objection to Designation*. The designation of Confidential Information (including Confidential Information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY) by any party (the "Designating Party") shall not be determinative and may be eliminated or modified at any time in one of two ways, as explained below.

    a. The Designating Party may agree in writing to eliminate or modify the confidentiality designation concerning any material it designated as Confidential Information.

    b. If, at any time, a party objects to a designation of Discovery Materials as Confidential Information under this Agreement, the objecting party shall notify the Designating Party in writing. Within five (5) business days of receipt of such written notice, counsel for the Designating Party and the objecting party shall meet-and-confer in an effort to resolve their differences. If the parties cannot agree as to the designation of any particular information or

material after good faith discussion, the objecting party may move the Court to eliminate or modify the Confidential Information designation. The burden of proving that the information has been properly designated as protected shall be on the Designating Party who made the original designation.

## Access to Confidential Information

8. *Limited Disclosure of Confidential Information*. Except as otherwise expressly provided herein or agreed to by the parties in writing, Confidential Information marked "CONFIDENTIAL" may be disclosed only in accordance with the terms of this Agreement and only to the following persons:

   a. To outside counsel for a party hereto, including regular and temporary attorneys, secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation, as well as service vendors of such counsel (including outside copying services and outside litigation support services), provided that outside counsel who are not of record must first sign Exhibit A attached hereto and deliver the signed copy to counsel of record for each other party or parties.

   b. To the parties, including former and current employees and former and current Board members of the parties, to the extent reasonably necessary to conduct the litigation.

   c. To court reporters transcribing a deposition, hearing, or other proceeding in this matter.

   d. To independent experts and independent consultants (meaning individuals and their employees and/or staff members who are not employees, officers, directors, or owners in any capacity of a party and who are retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation) who have first signed Exhibit A attached hereto.

  e. To any person who is a third party fact or potential fact witness (and counsel for such witness) to the extent reasonably necessary in connection with their testimony at trial in this action or the preparation thereof and only after they have signed <u>Exhibit A</u> attached hereto.

  f. To the U.S. District Court for the Southern District of Florida (the "Court"), any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors if filed under seal pursuant to Paragraph 16 of this Agreement or as otherwise ordered by the Court.

  g. To any mediator or arbitrator engaged by any named party to this action on agreement of all of the named parties to this action.

  h. To any person who was an author, addressee, or intended or authorized recipient of the Discovery Material.

  i. To other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

9. Except as otherwise expressly provided herein or agreed to by the parties in writing, Confidential Information marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only in accordance with the terms of this Agreement and only to persons identified in Subparagraphs 8(a) and (c) – (i). Confidential Information marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may not be disclosed to persons identified in Subparagraph 8(b).

10. *Additional Permitted Disclosures*. Nothing herein shall apply to or restrict (i) any party's or non-party's use of its own Confidential Information for any purpose; (ii) any person's use of information that is or becomes part of the public domain through no breach of the terms of

this Agreement; or (iii) any person's use of information that is disclosed by a third party without restriction as to disclosure, provided such third party has the right to make the disclosure.

11. *Disputes Over Access*. If a dispute arises as to whether a particular person not falling within the categories listed in Paragraphs 8 or 9 should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## Use of Confidential Information

12. *Copies.* Confidential Information shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Disclosing Party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information for use in connection with this litigation and such working copies, abstracts, digests, and analyses shall be deemed Confidential Information under the terms of this Agreement. Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Confidential Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

13. *Use at Depositions*. Except by agreement of the parties or as may otherwise be ordered by the Court, during a deposition, any person other than the witness, his or her attorney(s), or any person qualified to receive Confidential Information under this Order, shall be excluded from the portion of the examination concerning such information.

14. *Use in Motions, at Court Hearings and Trial*. Subject to the applicable rules of evidence, Confidential Information may be filed in support of a motion, or offered into evidence at trial or at any hearing or oral argument, provided that the proponent ("Proponent Party") of the evidence containing Confidential Information gives at least five (5) business days' notice to the Disclosing Party prior to the filing date or use of the Confidential Information. Within five business (5) days of such notice: (i) the Disclosing Party may assent to the filing or use of the Confidential Information without impoundment (whereupon the Proponent Party is free to file its motion or use its exhibit containing or referencing Confidential Information immediately); or (ii) the parties may agree on and file a joint motion requesting an order, for good cause shown, that the specified Confidential Information be impounded or filed under seal pursuant to the Local Rules; or, if the parties cannot agree upon such a joint motion, (iii) the Proponent Party may file a motion for such relief.

    a.    Provided that one of the motions described in Paragraph 16 is filed or served within five (5) business days of the notice to the Disclosing Party set forth above, the Proponent Party shall not file the Confidential Material with the Court until the Court has acted upon the motion. If the motion is denied, the Proponent Party shall file its brief and any attachments thereto publicly and if the motion is granted, the Proponent Party shall file its brief and any attachments thereto under seal with the Court in accordance with the Court's order.

15. *Reasonable Precautions*. Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

16. *Return After Litigation*. Within forty-five (45) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the Disclosing Party, either return or destroy all

physical objects and documents which embody Confidential Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Confidential Information. Notwithstanding the foregoing, counsel for the parties may keep in counsel's permanent files pleadings, motions, briefs, supporting affidavits and other court filings, correspondence, transcripts, Court opinions, and orders that reflect or contain Confidential Information (although the restrictions imposed herein continue to apply to such retained documents).

## Other Provisions

17. *Not an Admission*. Nothing in this Agreement shall constitute an admission by the party that information designated as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is actually Confidential Information. Furthermore, nothing contained herein shall prejudice in any way the rights of any party to introduce into evidence at trial any document, testimony, or other evidence subject to this Agreement, or preclude the parties or a non-party from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of authenticity or admissibility of evidence, materiality, and privilege.

18. *Non-parties*. Any non-party producing Discovery Materials in this action may be included in this Agreement by endorsing this Agreement and delivering it to the requesting party who, in turn, will serve it upon counsel for the other parties.

19. *Inadvertent Production of Privileged Information*. The inadvertent production of any document or information during discovery in this action shall be without prejudice to and shall not be deemed a waiver of any claim that such material is privileged under the attorney-client privilege,

the attorney work product doctrine or any other applicable privilege, and no party shall have waived any claims or arguments under the inadvertent production doctrine. A Disclosing Party may notify the Receiving Party of the claim and the basis for it. After being notified, the Receiving Party must immediately return or sequester the specified information and any copies thereof; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information from any recipient to whom the Receiving Party may have disclosed it before being notified. If the Receiving Party disagrees with the Disclosing Party's assertion of privilege, the parties shall promptly meet and confer, and if they cannot resolve the issue, a Receiving Party may present the information to the Court under seal for a determination of the claim of privilege.

20. *Lawful Subpoenas and Legal Process*. No person may disclose Confidential Information to any person or entity in any other proceedings without the written consent of the party who produced or designated the Confidential Information. In the event disclosure of any Confidential Information is sought from anyone subject to this Agreement pursuant to a lawful subpoena, demand by governmental authority or other legal process, such person or entity shall, promptly upon receipt of such request, notify the parties of such request for disclosure by email or overnight mail and provide a copy of the subpoena or process. Any party may then seek to prevent disclosure by filing a motion for protective order or taking other appropriate action within a reasonable time, and the Confidential Information shall not be disclosed until resolution of the party's challenge to the subpoena or process.

21. *Remedies*. If a party to this Agreement violates the Agreement, any other party may seek appropriate relief from the Court including an injunction, sanctions, and damages.

22. *Retention of Jurisdiction*.  This Agreement shall survive the termination of this lawsuit, and the Court shall retain jurisdiction over all disputes between the parties relating to this Agreement.

23. *Modification*. This Agreement shall not prevent any party from applying to the Court for further or additional protective orders or from agreeing with the other parties to modify this Agreement.

**DONE and ORDERED** this 3rd day of April, 2024.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

**Cc:** All Counsel of Record

**EXHIBIT A**

**AGREEMENT CONCERNING INFORMATION COVERED BY CONFIDENTIALITY STIPULATION AND PROTECTIVE AGREEMENT**

I have been designated by _____ as a person who may have access to Confidential Information as that term is defined in the Confidentiality Stipulation and Protective Agreement (the "Agreement") entered in the above-entitled case. Having read the Agreement, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Agreement. I agree not to copy any documents or information that have been designated as Confidential Information and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Agreement to view Confidential Information. I hereby submit myself to the jurisdiction of the federal or state courts of Florida, for purposes of any proceedings arising from or related to any alleged violation of the Agreement by me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this \_\_\_ day of _____, 20\_\_\_.

_____
Signature

Printed Name: _____

Address: _____

Employer: _____

Job Title: _____