IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Betty's Best, Inc., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>The Partnerships, and Unincorporated )<br>Associations Identified in Schedule A, )<br>)<br>Defendants. )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  1:23-cv-22322-KMW<br><br>Honorable Judge David S. Leibowitz |

### DEFENDANTS' JOINT MOTION TO EXTEND DEADLINE TO FILE RESPONSE IN OPPOSITION

Defendants Nos. 720, 743, 769, 781, 831, 870, 906, 911, 912, 918, 924, 735, 767, 778, 773, 821, 832, 907, 913, 919, 775, 916, 704, 800, 714, 847, 754, 763, 785, 702, 914, 927, 786, 817, 825, 871, 798, 877, 840, 915, 772, 880, 917, 923, 713, 839, 715, 728, 765, 803, 909, 879, 780, 818, 819, 878, 883, 822, 910, 858, 888, 922, 891, 904 (the "64 Defendants"), 794 ("Humuling"), 753, 758, 788 and 937 ("Keeplsa") (collectively, "Defendants") respectfully moves this Court for an extension of time, up to and including **April 24, 2024**, for Defendants to file their Response in Opposition to Plaintiff's Motion for Summary Judgment (Dkt. No. 349). Defendants requests this extension for good cause and in support thereof, state as follows:

1. Plaintiff filed its Motion against Defendant Keeplsa (Def. No. 937) seeking summary judgement as to patent infringement, copyright infringement, trademark false designation of origin, and for willful infringement.

2. The issues raised in Plaintiff's brief and which must be decided include: (1) whether or not the asserted copyright registrations or valid and whether Plaintiff in fact owns those copyrights; (2) whether the asserted design patent is invalid under 35 U.S.C. § 102 and/or § 103, or for claiming functional subject matter under 35 U.S.C. § 171; (3) whether or not Defendant has violated 15 U.S.C. § 1125(d) for either "passing off" or "reverse passing off" where it has neither used Plaintiff's trademarks to "pass off" its products as Plaintiff's nor attempted to "reverse pass off" Plaintiff's goods as its own; (4) whether the Motion should be deferred or denied pursuant to Rule 56(d); and (5) whether or not Defendant could have committed willful infringement when there are open questions regarding validity and infringement of the asserted intellectual property rights.

3. Many of these questions of law and fact are common to all defendants in this action, *i.e.*, questions of validity and ownership of the copyrights and patent, questions of whether or not Defendants committed "reverse passing off" when they sold neither Plaintiff's products as their own nor used Plaintiff's trademarks; whether these issues are ripe under Rule 56(d).

4. As such, the 64 Defendants, Humuling, and Defendants Nos. 753, 758, 788 intended to, and prepared to, file a separate response to the Motion against Defendant Keepsla to preserve their rights and to avoid the potential of issue and claim preclusion, pursuant to Rule 56 which allows a "non-movant" to respond to a motion for summary judgment. The plain language of Fed. R. Civ. R. 56 allows any "nonmovant," which includes co-defendants, to oppose to a summary judgment motion. *See Coleman v. Anco Insulations, Inc.*, 196 F. Supp. 3d 608, 610 n. 3 (M.D. La. 2016) (stating that Fed. R.

Civ. P. 56(d) "allow[s] any 'nonmovant' to oppose a Rule 56(a) motion for summary judgment"); *see e.g.*, *Slatten, LLC v. Royal Caribbean Cruises Ltd.*, 2014 U.S. Dist. LEXIS 117327, *8 (E.D. La. 2014) (holding that Rule 56 allows "an opposition to summary judgment [against the plaintiff] filed by the movant's co-defendant, even though the co-defendant had filed no claim against the movant"); *see e.g.*, *Indep. Living Ctr. of S. Cal. v. City of Los Angeles*, 205 F. Supp. 3d 1105, 1109 (C.D. Cal. 2016) (holding that a defendant may oppose to a co-defendant's motion against the plaintiff, because co-defendant "has a strong interest in the outcome of the [m]otion"); *see also Helen of Troy, L.P. v. Zotos Corp.*, 235 F.R.D. 634, 640 (W.D. Tex. 2006) (explaining that "adverse parties," *i.e.*, parties between whom claims exist, are allowed to oppose to summary judgment motions filed by each other against other parties in the action, and even "parties between whom no formal claims have been filed are considered adverse in the context of a motion for summary judgment"). All defendants in the within action are "adverse parties" to Plaintiff, as Plaintiff has asserted claims against each of the defendants. Therefore, all defendants can oppose to Plaintiff's motion for summary judgment filed against any one of the defendants, even under the most restrictive view of standing to oppose to a motion for summary judgment. The 64 Defendants, Humuling, and Defendants Nos. 753, 758, 788 accordingly planned to file their response on April 19, 2024, the due date for Defendant Keeplsa's response.

5. On April 18, 2024, one day prior to the April 19 deadline, this Court entered its Order in Cases with Multiple Defendants requiring Defendants to "file their responses and motions jointly." ECF No. 382.

6. Defendants' understanding of the Order is that they must jointly file their responses to Plaintiff's Motion.

7. As such, Defendants respectfully request that the deadline by which any responses are due be extended until April 24, 2024, to give Defendants time to confer and consolidate their separate motions to comply with the Court's Order.

8. Counsel for Defendant Keepsla conferred with Counsel for Plaintiff pursuant to Local Rule 7.1 on April 18, 2024 via phone, and Plaintiff opposes the filing of this Motion.

WHEREFORE, Defendant respectfully requests the Court grant this unopposed motion and extend the deadline by which any responses are due be extended up to and including **April 24, 2024**.

Dated: April 19, 2024

Respectfully submitted,

*/s/ Benjamin W. Dowers*

Benjamin W. Dowers
Fla. Bar No.: 91401
bwd@guntherlegal.com
Gunther Legal, PLLC
1800 SE 10th Ave, Suite 220
Fort Lauderdale, FL 33316
954-556-1487

Steve Moore
**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill, Ste. 615
Dallas, TX 75231
Telephone: (972) 331-4603
Fax: (972) 314-0900
twang@nilawfirm.com

*Counsel for Defendant Keeplsa*

*/s/ Nicole W. Giulano*
NICOLE W. GIULANO
Florida Bar Number: 71067
nicole@glgpa.com

**GIULANO LAW GROUP, P.A.**
121 S. Orange Avenue, Suite 1500
Orlando, Florida 32801
321.754.5290 – Telephone
321.400.1055 – Facsimile
And
/s/ Rita Y. Wang
Rita Y. Wang
Jacob Y. Chen
*Pro Hac Vice*
rita@dgwllp.com
jchen@dgwllp.com
**DGW KRAMER LLP**
45 Rockefeller Plaza, 20th Floor,
New York, NY 10111

*Counsel for 64 Defendant and Defendant Humuling*

/s/ Darren A. Heitner

DARREN A. HEITNER
Florida Bar No.: 85956
Darren@heitnerlegal.com
**HEITNER LEGAL, P.L.L.C**

215 Hendricks Isle
Fort Lauderdale, FL 33301
Phone: 954-558-6999
Fax: 954-927-3333

*Counsel for Defendant Nos. 753, 758, 788*

### CERTIFICATE OF SERVICE

On April 19, 2024, I filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Florida, using the CM/ECF System which will send notification of said filing to all counsel of record.

/s/ Benjamin W. Dowers
Benjamin W. Dowers